Wash, J.,
delivered the opinion of the Court.
This was an action of replevin for a horse, commenced by Newell against Kean, in the Circuit Court of Pike county, and removed by change of venue into the Boone Circuit Court, where the plaintiff, Newell, had judgment; to reverse which, Kean now prosecutes his appeal to this Court. The material facts, as preserved in the record, arc, that in August, eighteen hundred and twenty-three, two writs of execution were sued out of the Ralls Circuit Court against Newell, hy virtue of which the Sheriff of Ralls county made sale in September following, of the horse sued for, to one Bates, who sold the same for a valuable consideration to one Longmire, who sold tile same for a. valuable consideration to Kean, the defendant below. That at the time of the sale by the Sheriff to Bates, the property was not present to he seen by and delivered to persons who might wish to purchase; and that many articles-of personal property were sold along with the horse, in the same lot or parcel, without being set up or offered separately. With reference to this,state of facts, the Circuit Court instructed the jury, (amongst other things,) that if, from the evidence, it should appear to them, that the articles purchased by Bates (of which there was a long list, of various kinds,) were exposed to public sale in one lot and in bulk, and so purchased, that such sale was, in law, void and illegal, and conveyed no title to the purchaser; and second, that in the public sale of personal properly by a Sheriff, the presence of the property at the sale, for inspection and delivery to the purchaser is indispensable, and without it, such sale is void and illegal, and conveys no title to the purchaser.
Other instructions were given and ref used, which it becomes-unnecessary to notice from the view we have taken of the subject. One other point relied on by the appellant’s counsel is, that the depositions of Dabney Jones and George Mock, ought to have been suppressed. They were taken (as appeared from the certificate of the officer before whom they were taken) between the hours of eight o’clock in the forenoon, and six o’clock in the afternoon. The notice under which they were taken, fixed the lime for taking between the hours of ten o’clock in the forenoon, and six o’clock in the afternoon. The Circuit Court overruled a motion made by the defendsmt’s counsel, to exclude said depositions for want of conformity to the notice in re *543 gard to the time of taking, whereupon the defendant tendered his bill of exceptions, and now assigns it for error. On this point, we entertain no doubt. The Circuit Court erred, and the judgment must he reversed. The interest of the parties may require us to dispose of the questions growing out of the instructions given by the Circuit Court to the jury, and the counsel on both sides have intimated a wish to that eifect.
No particular mode is pointed out, or provided in the statute, by which the Sheriff is to offer property for sale, on which he has levied his execution. Much discretion is necessarily allowed him, which he is bound to exercise honestly as well as soundly. He is bound to make the most of the property, and if either plaintiff or defendant is injured by his misconduct, whether it be the result of either ignorance or corruption, he may be made to answer in damages. By the levy of his execution he acquired a legal title to the chattel, and whether he is faithful or not to the trust reposed in him by the law, his conveyance will pass the title to a bona fide purchaser. Fraud will vitiate a Sheriff’s sale as well as any other, where the person claiming property by virtue thereof, participated in the fraud; and for evident fraud, or gross misconduct on the part of the Sheriff, the Court, upon application, will set aside the sale. Until that be done, the title, passing by virtue of such sale, cannot be disturbed, unless upon proof that the purchaser partook of the fraud. And when the property has once passed from the hands of the first fraudulent purchaser into those of one altogether ignorant of the fraud, for a valuable consideration, public policy requires that the party injured by the act of the Sheriff, should be left to seek his redress in damages, instead of being permitted to pursue his property. The absence of the property at the time of sale, would certainly be a strong circumstance (unexplained) to subject the Sheriff to damages, for a dishonest or unsound exercise ■of his discretion, and would go far to satisfy a jury that the purchaser participated in the fraud. Yet it might well be, that a person would honestly buy and run the risk of getting the article. .Such sales lake place every day between individuals.
The Circuit Court, therefore, erred in giving the instructions it did to the jury, and its judgment must be reversed, with costs, and the cause remanded, to be proceeded in conformably to this opinion. ■