PATTEN and DUNBAR Respondents, *vs.* JNO. WEIGHTMAN, Appellant.

1. *Officers, liability of—Courts, County—Jurisdiction—Roads, opening of—Obedience to mandate.*—When a county court has jurisdiction of the subject matter of opening roads, its order will generally be a protection to an overseer acting under its command ; previous irregularities cannot affect him.

2. *Officers, liability of—Courts, mandate of—Mode of execution.*—The order of a Court of competent jurisdiction, will protect an officer in its legal and proper execution, but not in recklessly and wantonly injuring others.

3. *Proceedings, summary—Rights of third parties—Notice to—Legal implications.*—In summary proceedings, where the rights of third parties are involved, the law always implies that they shall have reasonable notice to prepare for the protection of their rights.

*Appeal from the Henry Court of Common Pleas.*

*Pickerell & Blackford, and McBeth & Price,* for Appellant.

I. It was only necessary for the defendant to look to the order of the County Court directing him to open said road. (Butler vs. Barr, *et al.,* 18 Mo., 357 ; Walker vs. Likens, *et al.,* 24 Mo., 298.)

II. The instructions are inconsistent, and this inconsistency is error. (Wood vs. St. Bt. Fleetwood, 19 Mo., 529 ; Schneer vs. Lemp, 17 Mo., 142.)

*F. P. Wright,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

This was an action of trespass in which it was alleged that defendant wrongfully and without leave entered upon lands in which plaintiffs were jointly interested, and upon which were growing crops belonging to them, and tore down and took away a portion of the fence enclosing the premises, by which, stock grazing and herding on the unenclosed lands adjoining, entered upon and destroyed the crops growing thereon, to the plaintiffs damage, &c.

Defendant justified on the ground that he was acting as road overseer, and averred that he entered and tore away the fence in obedience to an order of the County Court, which directed him to open the road running through the plaintiff's premises and remove obstructions which might be found in the same.

There was a trial before a jury, and verdict for plaintiffs. The evidence contained in the bill of exceptions shows that the road ran diagonally across the plaintiff's field, that in the field were about thirty acres of corn, several acres of oats cut and shocked, and one acre of potatoes besides garden vegetables. That plaintiffs were away from home at the time the fence was removed, that no notice was ever given them of an intention to make such removal, and that in consequence thereof, when the fence was torn down and removed on each side of the field, the stock running at large went in the field and destroyed nearly the whole crop.

The instructions given by the court, when taken together, do not appear objectionable. The substance of plaintiff's instructions was that before defendant could justify his act it must be shown that there was an order of the County Court establishing the road and directing the defendant to open the same ; and that defendant had no legal right to throw down the fences of plaintiffs and expose their growing crops, unless plaintiffs had been duly notified that the road had been established, and had a reasonable time, not to exceed six months, within which to remove their crops, &c.

For the defendant the Court instructed the jury that an order of the County Court directing the road overseer to open any road in his road district, will protect him from an action of trespass and damages instituted by any one through whose land said road may be located, and the jury cannot inquire into the regularity of the County Court's proceedings in locating said road.

And of its own motion the Court declared the law to be, that if the County Court had by an order duly entered of record established the road and directed the defendant as a road overseer to open the same, running through the plaintiff's land, then the verdict should be for the defendant.

These instructions were undoubtedly correct. Where the County Court has jurisdiction of the subject matter of opening roads, its order will generally be a protection to an overseer acting under its command. Previous irregularities can-

not affect the overseer, for it is not his business to examine and inquire to see whether everything has been done in a regular formal manner. (Butler vs. Barr, 18 Mo., 357; Walker vs. Likens, 24 Mo., 298.)

The instructions given for the defendant, stating that the order of the County Court was a protection for the defendant, are qualified in those given for the plaintiff in the matter of giving reasonable notice to the plaintiffs, to enable them to gather or otherwise protect their crops.

This instruction as to notice we suppose was founded upon the law then in force in regard to establishing and opening public roads, which provides that the County Courts should, at the time of giving judgment for the establishment of a road, specify the time when the possession should be given by the owner, giving the owner of the land a reasonable time, not exceeding six months, to erect fences, if the Commissioners report showed that fencing was required, and also time to gather growing crops, if there were any growing at the time on the premises. (2, W. S., p. 1228, § 54.)

There is nothing in the record to show that the County Court observed this provision of the law. But its failure to comply with the law would not render the defendant liable when it gave judgment when it had acquired jurisdiction over the subject matter, if he proceeded legally. Although the instruction is principally based upon the statute, it recognized and enforces the principle, that before plaintiff's fences could have been legally thrown down and their crop exposed to destruction, it was necessary that they should have been notified in order that they might have taken steps to avoid loss or injury. The spirit of the instruction is that reasonable notice for that purpose should have been given. Whilst an order or judgment of a Court of competent jurisdiction will protect an officer in executing its mandates in a legal and proper way, it will not afford him protection in wantonly and recklessly injuring others. Admit that there was no statute strictly applicable to the subject, still would not the laws imply in such a case, that reasonable notice should be given to a person that he

might save and protect his property before it should be turned out to be destroyed. Where summary proceedings are had in which the rights of third persons are involved, the law always implies that they shall have reasonable notice to prepare for the protection of their rights. And an officer armed with legal process may execute it in such a manner as to make himself a trespasser. The law is not so unjust as to sanction the acts of the defendant in this case. He proceeded without notifying the plaintiffs, and in their absence, to tear down their fences and let the stock into their field, causing an almost entire destruction of their crop. Had a reasonable notice been given of an intention to open the road, this waste and injury might have been avoided. Before the defendant can be permitted to shield himself behind the order of a court, he must show that in executing its process he acted in a legal and reasonable manner, and was not guilty of oppression or wrong.

The instruction though technically incorrect had no tendency to injure the defendant, and the judgment is evidently for the right party.

We have seen nothing in the matters urged for a new trial which require our interference.

The judgment should be affirmed. All the other Judges concur.