Eads, Adm'r, v. Stephens, et al.

63 90
34a 628
63 90
104 512
63 90
52a 663
63 90
60a 222
63 90
66a 199
63 90
167 398

MILTON EADS, ADM'R. OF THE ESTATE OF WILLIAM R. HOBBS, DEC'D, Defendant in Error, *vs.* JAMES W. STEPHENS, *et al.*, Plaintiffs in Error.

1. *Replevin—Affidavit, how far necessary under Missouri Statutes—Judgment not affected by omission.*—Replevin may be maintained under the statute of this State, without any affidavit. In such case, however, plaintiff will not be entitled to have the property delivered to him till judgment has been rendered in his favor; and where delivered beforehand, it may be ordered back into the possession of defendant. But the judgment will not be affected by reason of the omission.

2. *Execution—Sale of personal property not present, not void, but voidable on motion, etc.*—The sale of personal property under execution, after a valid levy, is not rendered absolutely void by reason of the fact that it is not present at the place of sale. Such sale is merely voidable by the execution debtor for cause shown to the court, on motion to set it aside for that reason.

*Error to Daviess Circuit Court.*

*Conover & Hicklin,* for Plaintiffs in Error.

I. This is an action strictly *in rem.* (1 Chit. Plead., § 162; Coffey vs. Dudgeon, 38 Ind. 512; Allen vs. Fox, 51 N. Y. 562; Grace v. Mitchell, 13 Wis. 533; 1 Saund., 347*b.*, note *b.*; Fletcher vs. Wilkins, 6 East., 283; Sharp vs. Whittenhall, 3 Hill, 576; 1 Bouv. Law Dict., 693; 3 Bouv. Inst., 131.) Hence, the court can only acquire jurisdiction over the *res* by seizure under a valid process. (Freem. Judgm., § 119; Cooper vs. Reynolds, 10 Wal., 308; Rowan vs. Lamb, 4 Greene [Iowa], 468.) But here the clerk had no authority to issue a valid order of delivery until after affidavit; without it, the order of delivery was void, and the court acquired no jurisdiction.

II. The fact that the property was not present at the place of sale does not render the title acquired under such sale invalid. (Keave vs. Newell, 1 Mo. 754.)

*James L. Davis,* for Defendant in Error.

I. The sheriff must actually seize personal property, so as to give possession at the sale, which was not done in this case. (Wagn. Stat., 611, § 50; Newman vs. Hook, 37 Mo. 207; Yelldell vs. Stemmons, 15 Mo. 443; Bac. Abr., vol. 3, p. 734; 3 Washb. C. C. R., p. 60.)

The property must be present, or the sale will be void,, and the purchaser get no title. (Ror. Jud. Sales, 335, and cases cited.)

HOUGH, Judge, delivered the opinion of the court.

This was an action brought in the Daviess Circuit Court under the statute, in relation to the claim and delivery of personal property, for the recovery of a saw and grist mill, alleged to belong to the estate of Wm. R. Hobbs, of which plaintiff was administrator. Both parties concede it to be personal property, and there is nothing in the record to show the contrary. An order of delivery was made and executed, notwithstanding that the affidavit failed to state that said property had not been seized under any process, execution or attachment against the property of said Hobbs.

It appears that in November, 1868, the sheriff of Daviess county levied on the mill in controversy, as the property of Hobbs, under an execution against him in favor of one Triggle, and sold the same at the court house door, in said county, to one Thomas J. Brown. The sheriff did not have the property present at the sale, and there is no evidence that he ever delivered it into the possession of Brown. Secondary evidence of the execution, levy and sale was admitted without objection. The manner in which the levy was made does not appear, but in the absence of all testimony on that point, we must presume it to have been legally made. Hobbs, it seems, in some unexplained way regained possession of the mill, but whether before or after the sale, is not shown. He refused to permit Brown to take the property, and kept possession thereof until his death, in 1869. Some time before Hobbs died, Brown brought suit to recover the mill ; but in December, 1871, before the determination of the suit, he sold it to the defendant, Stephens, who soon thereafter peaceably took possession thereof, removed and established it in another locality, and expended in the improvement and repair of the same, between five and six hundred dollars. After Stephens took possession, Brown dismissed his suit. Cook claimed under Stephens. Certain voluntary proceedings in bankruptcy, by Hobbs, are referred

to in the record, but from the meagre statement of facts and dates there given, we cannot see that they in any way affect the rights of the parties to this action.

The cause was tried by the court without the aid of a jury; and as the facts stated are undisputed, it will not be necessary to refer to the instructions further than to say, that the plaintiffs' instructions announce abstract propositions of law, merely. They do not undertake to apply the law to the facts.

The defendant denies the jurisdiction of the circuit court, because the affidavit was defective. The defect in the affidavit cannot affect the judgment. It is true, the mill was delivered to the plaintiff in this case prematurely, and it might have been ordered back into the possession of the defendant; but an action may be brought and maintained in the circuit court for the recovery of specific personal property, under our statute, without any affidavit. In such case, of course, the plaintiff will not be entitled to have the property delivered to him, until judgment has been rendered in his favor.

The only point made by the plaintiff, in support of the judgment, which we need notice, is, that the property was not present at the sale, and that Brown therefore acquired no right thereto by his purchase. In some of the States it has been held, that a sale of personal property under execution, which is not present so that it may be inspected by the bidders and delivered by the officer to the purchaser, is absolutely void.

In the case of Kean vs. Newell (1 Mo. 754), it was held, that by the levy of the execution, the sheriff acquired a legal title to the chattel seized, and his sale passed the title to a *bona fide* purchaser; though the property was not present; but that in case of fraud or gross misconduct of the sheriff, the court would set the sale aside. In that case, Judge McGirk expressed the opinion that the property should be present when sold, unless in cases where, from the nature of the thing, it could not be so present.

In the case of Newman vs. Hook (37 Mo. 207), the precise point, now under consideration, was not directly passed upon. There, the sheriff failed to make any levy; there was no actual

seizure of the property, and it was held that his sale passed no title. That case was followed in Douglas vs. Orr (58 Mo. 573).

Many excellent reasons may be given why, ordinarily, the property should be present when the sale takes place; but we do not think it would be wise to declare that a sale of personal property, after a valid levy thereon, will, in all cases, even though acquiesced in by the parties, be absolutely void, unless the property be present at the place of sale. Cases may be imagined where such a rule would not only be without benefit, but would be productive of inconvenience and positive detriment to the parties interested; and we think it a much better rule to declare such sales to be voidable only by the debtor in the execution, for cause shown to the court, in a motion to set aside the sale for that reason.

On the facts as shown by the present record, we hold that the sheriff's sale passed the title to the mill to Brown, and the judgment will therefore be reversed, and the cause remanded.

All the judges concur, except Judge Vories, who is absent.