## LUSK v. BRISCOE, APPELLANT.

1. **Partition Sale:** SHERIFF: DAMAGES. It is the duty of the sheriff to execute and deliver to the purchaser at a partition sale, who has paid to him the purchase price, a deed conveying the interest of the parties in the partition proceeding, and his refusal to execute the deed under such circumstances will render him liable to an action by the purchaser; but, in such action, unless special damages be alleged and proved, the recovery should be nominal only.

1. **Case Adjudged.** Where a sheriff advertises and sells an entire tract of land under an order of sale made by the court in a partition suit, which only empowers him to sell the half of said tract, and the fact of such sale is reported by him to the court, and the purchaser pays to him the full purchase price for the entire tract without knowledge of his want of authority, the purchaser can, on a proper case made in his petition, recover of the sheriff, by way of damages, to the extent of the loss sustained through such neglect or misfeasance.

*Appeal from Morgan Circuit Court.*—HON. GEO. W. MILLER, Judge.

*J. L. Smith with A. W. Anthony* for appellant.

1. The petition does not* charge that defendant negligently or wilfully omitted to discharge any official duty respecting the sale of the land which resulted in any injury or inconvenience to plaintiff, for which compensatory damages are recoverable. *Tarwater v. Han. & St. Jo. R. R.*, 42 Mo. 193; *Pike v. Megoun*, 44 Mo. 491.

2. The action is based upon an express contract for the execution of a deed by defendant, and no consideration for the promise is alleged, nor is any injury alleged to have resulted from the failure of defendant to make out said deed,

nor is it alleged to be in the power of defendant to execute the same.

3. It is not alleged in the petition that the defendant was guilty of any misrepresentations at the sale which resulted in injury to the plaintiff.

4. The petition states but one bare fact, and that fact is that the defendant has failed to execute a sheriff's deed to the plaintiff, and this constitutes no cause of action without a further averment that, in consequence of such failure, the plaintiff was compelled to expend time, labor and money in and about procuring said deed, or that the plaintiff had been evicted from the premises, or had suffered some inconvenience or injury, which was susceptible of compensation in damages, which, however, is nowhere stated. Sedgwick Meas. Dam. (6th Ed.) p. 28.

5. The petition alleges a sheriff's sale of said real estate in partition, but it does not allege that a report of said sale was made nor that a report thereof, if made, was approved by the court in which the judgment of partition was rendered. Until there was such approval, the sheriff was not authorized to make a deed. Wag. Stat. 972, § 38. *Valle v. Fleming*, 19 Mo. 454; *Castleman v. Relfe*, 50 Mo. 583; *State v. Towl*, 48 Mo. 148; *McBain v. McBain*, 15 Ohio St. 337; *Curtis v. Norton*, 1 Ohio 137; *Williamson v. Berry*, 8 How. 496.

6. The petition shows that the contract sued on was executed by the defendant in the capacity of a public officer, and therefore no action can be sustained against him personally on said contract. *Tutt v. Hobbs* 17 Mo. 486.

7. The plaintiff was not entitled to recover even nominal damages until he showed that there had been an approval of the report of the said partition sale made by defendant in his capacity as sheriff.

8. The evidence does not disclose that the plaintiff actually sustained any damage whatever. The court refused to lay down a rule for the measure of damages in any instruction for either plaintiff or defendant. The submis-

sion of a case to a jury without such a rule is a pernicious practice that ought not to be tolerated. Sedgwick Meas. Dam. (6th Ed.) 237 *201; Field on Dam. p. 24 §§ 27, 28; *Gilmore v. Hunt*, 66 Penn. St. 321.

9. It was the duty of the plaintiff to see that there was a valid judgment and to inform himself as to the interest which the same authorized the officer—the defendant, to sell; *Strouse v. Drennan*, 41 Mo. 289; *Schwartz v. Dryden*, 25 Mo. 572.

10. There is no pretence that the special contract sued on contained any warranty for the conveyance of the title to said land.

11. There was no evidence that plaintiff's possession had been in any way disturbed. He was and is, on the contrary, in the peaceable enjoyment of said land. Field on Dam. p. 375, § 451; *Prescott v. Truman*, 4 Mass. 627.

12. If the order and judgment of the Boone circuit court authorized a sale of an undivided one-half of the land and defendant conveyed to plaintiff the interest he was so authorized to sell, plaintiff could not recover.

13. If plaintiff was entitled to recover, he should have been restricted in such recovery to nominal damages. *Webb v. Coonce*, 11 Mo. 9; *Brown v. Emerson*, 18 Mo. 103; *Willetts v. Burgess*, 34 Ill. 494; *Greene v. Tallman*, 29 N. Y. 191; *Giles v. Dugro*, 1 Duer 331; *Stowell v. Bennett*, 34 Maine 422; Sedg. Meas. Dam. page 198, side page 178.

*James A. Spurlock* for respondent.

1. Sheriff Briscoe, by his own negligence and mistake occasioned the loss and should bear it. Story on Contract, § 42 and note.

2. He and not Lusk was the proper person to correct the mistake, and was the only person that could do so, and might have done so by amending his report of sale, even if he had paid over the money, but the evidence failed to show that he did so, and the presumption is that he has not.

3. Briscoe's written promise to make the deed to the

full eighty acres was founded on a valuable consideration, and is binding on him, though he was an officer; and this suit is founded on that agreement, and for misfeasance in office.

4.   The judgment is for the right party, the remedy being given by § 66 Wag. Stat. 615.   An action will lie against a sheriff for an irregularity in executing process in sale of lands if damage is occasioned thereby.   *Duncan v. Matney*, 29 Mo. 368; and in such case the price bid at the sale is the measure of damages.   *Alexander v. Helber*, 35 Mo. 334.   The action is also given by the common law. 1 Chitty on Pleading , 182-78 and 134.

5.   The sheriff was a sworn officer and Lusk had a right to confide in his representations and business qualifications, and was not guilty of negligence.   *Wannel v. Kem*, 57 Mo. 478.   The doctrine of *caveat emptor* has no application here, as this is an action for damages for failing to make a deed on written contract, and also for misfeasance in executing process.   The order of sale directed to the appellant as sheriff was the final process in the suit for partition and was governed in all respects by the law relating to executions, § 35 p. 971, Wag. Stat.   The statute requires no confirmation of the report of sale, and none need be made more than on an execution.

NORTON, J.—In this case the petition alleges, in substance, that defendant was, on the 6th day of May, 1872, sheriff of Morgan county, and that, as such sheriff, he sold on said day to plaintiff, the east half of south-west quarter of section 17, in township 42, range 16, that said land was sold by order of the circuit court of Boone county, for partition at the suit of Robert Maples et al., against Neppy Jeffries, et al., and that plaintiff became the purchaser thereof at the price and sum of $450; that plaintiff paid defendant one-half the purchase price at the time of sale, and on the 10th of May, 1873, paid the remainder of the purchase money to defendant who then gave plaintiff a re-

ceipt in full for the same; and undertook in writing, to make plaintiff a deed to said lands, at the next August term of the Morgan circuit court; that plaintiff in pursuance of said agreement, entered upon said lands and made improvements thereon to the value of $1,600; that he had repeatedly demanded of defendant the deed, and that he refused and still refuses to execute the same; that by reason thereof plaintiff is injured, and has sustained damages in the sum of $2,000. The answer of the defendant denies the allegations of the petition, and sets up that he only sold the interest of the parties to the partition proceeding, which was an undivided half interest in said land, and that he had delivered to plaintiff a deed therefor. The replication denied the new matter set up in the answer. On the trial plaintiff obtained verdict and judgment for $225.

We are asked to reverse the judgment on the grounds that the petition will not support the judgment, and that the court erred in giving improper and refusing proper instructions and in receiving illegal evidence. The petition, which is substantially stated above, appears to be founded upon the following agreement of defendant:

"Received of J. B. Lusk, two hundred and forty-seven dollars and fifty cents, balance, and in full payment for the E. one-half of the S. W. one-fourth section 17, township 42, range 16, for which I am to make deed at the next August term of the Morgan circuit court.

JOHN BRISCOE, *Sheriff Morgan County.*"

It also appears from the petition that the land was sold by defendant as sheriff to plaintiff at a judicial sale. When a sale was made under the circumstances alleged in the petition, upon the payment of the purchase money, the legal duty of the defendant to execute to plaintiff a deed, arose. The receipt given and read in evidence may be regarded as merely putting in the hands of plaintiff the evidence that he had paid the full purchase price for the land, and was entitled to a deed. Partition sales, when ordered, are to be made by the officer charged with the duty of making

them in the same manner as sales under execution, and when a purchaser at such sale pays the purchase price, it is the duty of the sheriff to execute and deliver to the purchaser a deed conveying the interest of the parties to the partition proceeding. His refusal to execute the deed, under such circumstances, would subject him to an action by the purchaser, but, unless special damages are alleged and proved, his recovery would be but nominal. If, for instance, the purchaser should resort to a proceeding by mandamus to compel the officer to execute a deed, the expense thus incurred, if alleged and proved, could be recovered. The petition in this case alleges no special damages, and, as a party must recover on the case made in his petition, we think the court erred in not instructing the jury that plaintiff could only recover nominal damages. As this judgment will be reversed for the reason indicated, and may be re-tried on a petition setting up the facts of the case, it may be well to observe that the evidence shows that by virtue of the order of sale made by the circuit court in the partition suit, the sheriff was only empowered to sell an equal undivided interest of one-half of the eighty acre tract in question. It further shows that defendant, as sheriff, did advertise and sell the whole tract, instead of half of it, and that plaintiff became the purchaser, and that this fact was reported by him to the Boone circuit court, and that plaintiff had paid the full purchase price for said land.

If the facts above stated had constituted the foundation of plaintiff's cause of action, and he had framed his petition upon them, his right to recover as against the officer, we think would be clear; for whilst an order or a judgment of a court of competent jurisdiction will protect an officer in executing its mandates, in a legal and proper way, it will not shield or protect him in recklessly and wantonly injuring others. "An officer, armed with legal process, may execute it in such a manner as to make himself a trespasser." *Dunbar v. Weightman*, 51 Mo. 432.

In conducting sales of property under execution, much discretion is allowed the officer, but he is bound to execute it honestly as well as soundly, and if any party is injured by his misconduct, whether it be the result of ignorance or corruption, he is amenable to the party injured in damages. *Kean v. Newell*, 1 Mo. 754. It is said in Gwynne on Sheriffs, p. 569, that "the general rule may be stated to be that, whenever a sheriff is guilty of an act under color of his office, directly affecting the rights of parties not named in his precept, they have a remedy against him." It is also provided in 1 Wag. Stat. Sec. 66, p. 615, as follows: "Persons injured by the neglect or misfeasance of any officer, may proceed against such principal, or any one of his securities, jointly or severally, in any proceeding authorized by law, against such officer, for official neglect or injury."

The act of the defendant in advertising and selling the whole of an eighty acre tract of land, when the mandate of the court was that he should sell only an equal undivided interest of one-half, was either neglect or misfeasance, or both, and undoubtedly renders him liable, on a proper case, made in a petition, for such injury as resulted from his neglect. If by such neglect, plaintiff, without knowledge of the want of authority on the part of the officer, suffered loss, he could recover by way of damages to the extent of such loss.

Judgment reversed and cause remanded by the concurrence of the other Judges.                    REVERSED.