F. G. OXLEY STAVE COMPANY, Appellant, v. JASPER N. WHITSON, Respondent.

St. Louis Court of Appeals, March 5, 1889.

Practice, Trial: PETITION. Where a party, intending to sue in replevin. filed nothing but the statutory affidavit for delivery of the property, there was no suit instituted, and the court properly dismissed the proceeding. The court also rightly refused leave for the plaintiff to file a petition pending the motion to dismiss, or to file an amended petition ; there being no original petition to be amended.

*Appeal from the Stoddard Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

*Johnson & Lenz,* for the appellant.

The paper filed, called complaint and affidavit, contains all the averments necessary to constitute the plaintiff's cause of action, and is therefore sufficient as a petition. *McNees v. Railway,* 32 Mo. 224 ; *Mayberry v. McClurg,* 51 Mo. 256 ; *Elfrank v. Seiler,* 54 Mo. 134. If the complaint contains all that is necessary in the affidavit and is sworn to, and filed before the writ issues, the want of a separate affidavit cannot be objected to. In such cases it may answer the two-fold purpose of complaint and affidavit. Wells on Replevin, p. 358, note 2 ; *Minchrod v. Windoes,* 29 Ind. 288 ; *Perkins v. Smith,* 4 Block 'f. Ind. 290 ; *Railway v. Payne,* 2 N. E. Rep. 582 ; *Cox v. Albert,* 78 Ind. 241. If the verified complaint filed was insufficient to constitute a cause of action it should have been tested by demurrer. If it was

insufficient as an affidavit it should have been tested by motion to quash. *Lingenfelter v. Ins. Co.*, 19 Mo. App. 264; *Railway v. Payne*, 2 N. E. Rep. 583. The court erred in sustaining defendant's motion for dismissal. The court erred in not allowing plaintiff to file petition, and amended petition in this cause. R. S. 1879, secs. 3569 and 3571. The court erred in overruling plaintiff's motion to set aside said order of dismissal and in not granting a new hearing upon said motion.

*James Carr*, for the respondent.

The only question presented by the record in this case is : Whether the court below decided properly in sustaining respondent's motion to dismiss the case because the plaintiff (appellant) never filed a petition as required by law. It is affirmed that it did decide properly in sustaining said motion. The practice act prescribes how a suit must be brought. It is as follows : " Suits may be instituted in courts of record, except when the statute law of this state otherwise provides, either : First, by filing in the office of the clerk of the proper court a petition, setting forth the plaintiff's cause or causes of action, and the remedy sought." R. S., sec. 3485. May in this section means must or shall file a petition in the office of the clerk of the proper court. *Steines v. Franklin County*, 48 Mo. pp. 177–8, and cases cited. The petition must set forth the plaintiff's cause of action, and it must also set forth the remedy sought. These two facts are conditions precedent to the acquisition of jurisdiction over the parties and subject-matter. In other words they are jurisdictional facts. The practice act prescribes, in another section, what the petition shall contain. It shall contain, *inter alia* : "Third. A demand of the relief to which the plaintiff may suppose himself entitled." R S., sec. 3511. Prayer for judgment—for the relief to which the plaintiff may suppose himself entitled—is the crucial test of a petition. *Paxon*

*v. Talmage*, 87 Mo. 18 ; *Parker v. Winnipisoegee*, 2 Black, 550 ; *Iipp v. Babbin*, 10 How. 278 ; *Gist v. Loring*, 66 Mo. 437 ; *Madkins v. Trice*, 65 Mo. 656 ; *Rigert v. Voelkner*, 6 Mo. App. 53. The request to file an amended petition stands in the same category with appellant's request to file a petition. The amended was not presented to the court, and it is not incorporated into the bill of exceptions for the inspection of this court. And there is no affidavit filed or incorporated in the bill of exceptions. Moreover, there was nothing in the record to amend by.

THOMPSON, J., delivered the opinion of the court.

This was intended to be an action of replevin, but failed of being an action at all, for the reasons hereinafter stated. The plaintiff began its action by filing the following affidavit : " The plaintiff states that it is the owner and lawfully entitled to the possession of the following specified property, viz : A lot of white oak staves and heading on H. H. Bedford's land, six miles south of Essex in Stoddard county, Missouri,—about forty thousand staves,—of the value of two hundred and sixty dollars ; that the same has not been seized under any process, execution, or attachment against the property of the plaintiff, but is wrongfully detained by the defendant ; and that plaintiff will be in danger of losing the said property unless the same be taken out of the possession of the defendant or otherwise secured." The affidavit was signed by T. G. Gifford, and was subscribed and sworn to by him before the clerk of the circuit court, "for and on behalf of the F. G. Oxley Stave Company."

It is perceived that this is not a *petition*, but that it is an *affidavit in replevin* in the terms prescribed by the statute ( R. S., sec. 3844 ), which, by the provisions of such statute, the " plaintiff may file at the time of the filing of his petition, or at any other time afterwards, before the rendition of the judgment in the cause." It is also

perceived that it is in the precise language of form number 44, given in the appendix of volume 1, of the Revised Statutes, at page 707, as an "affidavit of claim, and for delivery of personal property." It is also perceived that it lacks an essential element of a petition, as prescribed by section 3511, Revised Statutes, in that it does not contain "a demand of the relief to which the plaintiff may suppose himself entitled," and lacks an essential element of every pleading in not being signed either by the party or his attorney. ( Revised Statutes, sec. 3536.) It is quite clear that it was not intended as a petition at all, but only as an affidavit which the claimant in such a case files in order to secure an order of the court, or of the clerk in vacation, for the delivery of the property to him ; and such a delivery order was in fact made to the claimant upon the strength of this affidavit. A summons was issued in the usual form—no doubt drawn upon the customary printed blank—reciting that a certified copy of the petition "is hereunto annexed." But the sheriff's return does not certify an execution of the summons by a delivering a copy of the petition to the defendant or to any one else at his residence. No petition was ever filed in the case.

This affidavit was made on the sixteenth of February, 1888. On the fourth day of the succeeding term of the circuit court of Stoddard county, namely, on the eighth day of March, 1888, the defendant filed his motion to dismiss the cause and for judgment, on the ground that the plaintiff had failed to file a petition as required by law. The court sustained this motion and the claimant excepted. A bill of exceptions recites that "the plaintiff, before said motion was sustained, offered to file his petition *in due form* in said cause, which said offer was refused by the court, to which action of the court the plaintiff, by its counsel, then and there excepted. The plaintiff then moved the court for leave to file *an amended petition* herein, which motion

was overruled by the court, to which action of the court the plaintiff, by its counsel, then and there excepted. The court, upon motion of defendant, then dismissed plaintiff's suit, to which action of the court the plaintiff, by its counsel, then and there excepted." The plaintiff then filed its motion to set aside the order of dismissal and for a new hearing, which being overruled, it excepted, and brings the question before this court by appeal.

There was no error in the rulings of the circuit court. There never was any petition in court to which the statute of amendments could have any application. The affidavit was not a petition, for the reason already stated, that it contained no prayer for relief, which is an essential element of a petition under our statute. Nor was it apparently intended as a petition, but it was evidently intended merely as the statutory means to be pursued in getting possession of the property. Such an affidavit is not necessary at all in an action of replevin, but the suit may be prosecuted without it, though without it the plaintiff can not get possession of the property until after judgment has been rendered in his favor. *Eads v. Stephens*, 63 Mo. 90. The affidavit is, therefore, a mere auxiliary paper designed to effect the collateral and temporary purpose of changing the possession of the property during the pendency of the action. If there is a good petition in an action of replevin, there is a case in court without such an affidavit; and if there is no petition in such an action, there is clearly no case in court even with such an affidavit. In every case where not otherwise provided by statute, a suit is instituted in this state "by filing in the office of the clerk of the proper court a petition, setting forth the plaintiff's cause or causes of action, and the remedy sought." R. S., sec. 3485. Until such a petition is filed, there is no cause in court, and an intending plaintiff can not, by filing something

Oxley Stave Co. v. Whitson.

else, and procuring the clerk to docket it as a cause in court, make it such. The statute providing for the amendment of petitions and answers of course and without costs ( R. S., sec. 3571 ) can therefore have no application to such a case, since there is no petition to amend. The more general statute of amendments ( R. S., sec. 3567 ) prescribing for the allowance of amendments of "any record, pleading, process, entry, return or other proceedings, in furtherance of justice," etc., is exceedingly liberal in its terms, and is interpreted with equal liberality by the courts. But it assumes throughout that there is something to amend. It does not authorize the bringing of a suit in a manner entirely different from that prescribed by the governing statute and making it good by a subsequent amendment. The plaintiff had never brought an action of replevin, because he had never filed a petition in replevin, and he therefore could not create an action by amendment. The mere circumstance that the defendant may have been in court by his counsel did not authorize the court to allow the plaintiff to bring an action of replevin against the defendant by the mere filing of a petition, without the service of process returnable to the next succeeding term, as prescribed by the statute ( R. S., sec. 3486 ), thereby requiring him to answer and defend without the benefit of the statutory time for preparation.

The judgment will be affirmed. All the judges concur.