T. P. KEEN *et al.*, Respondents, v. O. L. MUNGER, Appellant.

St. Louis Court of Appeals, January 31, 1893.

1. **Practice, Appellate:** AMENDMENT OF PETITION: FAILURE OF DEFENDANT TO EXCEPT. The propriety of an amendment of the petition in the trial court by the addition of a party as plaintiff will not be considered on appeal, if no exception to the amendment is saved.

2. **Replevin:** SUFFICIENCY OF PETITION: AIDER BY VERDICT. The petition in this cause, which was an action of replevin, alleged that the plaintiffs owned and were entitled to the possession of the property in controversy, a mill, and that the defendant as sheriff of his county had wrongfully seized the mill under a writ of attachment against a stranger, and closed the operation of it. *Held*, after verdict for the plaintiff, that this was a sufficient allegation of a wrongful taking and detention of the property by the defendant.

3. ———: ABSENCE OF AFFIDAVIT TO AMENDED PETITION. An action of replevin can be maintained in this state without the statutory affidavit, and, therefore, a judgment should not be arrested therein, owing to the absence of such an affidavit; and especially is this so when, as in this cause, such arrest of judgment is sought because of the absence of such affidavit to an amended petition, and when the original petition is accompanied by such affidavit.

*Appeal from the Shannon Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

*Orchard & Clarke* and *John C. Brown*, for appellant.

(1) The amended petition is fatally defective and does not state facts sufficient to constitute a cause of action. It omits to state that the property in controversy was wrongfully detained by the defendant at the time the suit was instituted, or that defendant was in possession at all. The only allegation as to possession is that he levied upon and seized an undivided one-half interest of, in and to said mill. *Furnishing Co. v. Wallace*, 21 Mo. App. 128; *Mfg. Co. v. Senn*, 7 Mo. App. 584; *Reigert v. Voelker*, 6 Mo. App. 53; Cobbey on Replevin, sec. ,568. (2) The affidavit to the original petition filed by Keen cannot cure the fatal defects of the amended petition filed by Keen and Bowles. That affidavit only claims the right of possession to an undivided one-half interest, and replevin will not lie for an undivided interest in a chattel. The amended petition must be complete within itself. Revised Statutes, 1889, sec. 2107; *Ward v. Davidson*, 89 Mo. 445; *Spooner v. Ross*, 24 Mo. App. 599.

*L. O. Nieder*, for respondents.

ROMBAUER, P. J.—The action is replevin for a sawmill. Upon its trial in the circuit court, the plain-

tiffs recovered judgment for possession and damages for detention. On motion for new trial the court compelled a *remittitur* of the damages, leaving the judgment one for possession only. The defendant, appealing, assigns for error that this judgment is unwarranted by the record, because the plaintiffs' petition fails to state a cause of action.

The original petition was filed by Keen alone, and sought to recover one undivided one-half interest in the sawmill. It was accompanied by an affidavit to the effect that the property was unlawfully taken, and was then being wrongfully detained by the defendant at the county of . Carter. Subsequently the plaintiff Keen, discovering that it was necessary to do so, amended his petition so as to make his co-owner Bowles a. party plaintiff. Whether this course was warranted, under the peculiar facts of this case, by section 2099 of the Revised Statutes, and the liberal interpretation put upon that section in *Butler v. Lawson*, 72 Mo. 227, 246, is not before us, as the amendment was not excepted to. The amended petition stated that the plaintiffs were the owners and entitled to the possession of the property in controversy, and that the defendant, as sheriff of Carter county, had wrongfully seized under a writ of attachment against a stranger one undivided half interest therein, and at the date of the seizure closed down said property, and closed the operation of the mill entirely. The amended petition did not state in express terms that the property was wrongfully taken or detained by the defendant sheriff, nor was it accompanied by any affidavit. The defendant's answer is not in the record.

It will be seen from the foregoing statement that the error assigned is not tenable. The rule in this state is, that the omission from the petition of averments essential to plaintiff's recovery is not aided by verdict,

unless the petition contains terms sufficiently general to comprehend them by fair and reasonable intendment. *Staley House Furnishing Co. v. Wallace*, 21 Mo. App. 128, 130, and cases cited. But a petition may be aided by answer, and since the answer is not in the record we could not reverse the judgment for insufficiency in the petition, even if the objection were otherwise tenable. Whatever claim the defendant had to the property was by virtue of its seizure by him as sheriff under a writ of attachment. His answer was bound to justify the seizure, and we are bound in support of the judgment to presume that it did so justify the seizure and detention, and thus helped out the omissions, if any, in plaintiffs' petition.

But we think the objection is otherwise untenable for various reasons. The amended petition expressly states that the property was wrongfully seized, and at the date of the seizure closed down. In absence of all averments, or evidence to the contrary, it is to be presumed that it was seized in the only manner in which tangible personal property can be legally seized on attachment, that is, by taking it into the possession of the officer. *Eads, Adm'r, v. Stephens*, 63 Mo. 90, 91. A wrongful taking, therefore, is sufficiently alleged by *reasonable intendment*. The same may be measurably said of a wrongful detention, since a state of matters once shown is presumed to continue unless the contrary appears, and since it is the officer's duty to retain the property seized. Of course we concede that a presumption of evidence is not necessarily a presumption of pleading. The jury could not have found their verdict, unless a wrongful detention was shown, and, hence, the rule of aider by verdict applies. *Jones v. Louderman*, 39 Mo. 287, 290.

The objection that the judgment should have been arrested, because there was no affidavit to the amended

petition, is untenable because the action of replevin in this state can be maintained without affidavit. *Eads, Adm'r, v. Stephens, supra; Bingham v. Morrow*, 29 Mo. App. 448. Besides that, under section 7479 of the Revised Statutes, the affidavit may be an independent instrument, and need not necessarily be annexed to the petition or filed contemporaneously therewith. A wrongful detention was expressly averred in the affidavit originally filed.

We conclude that under these circumstances we would not be justified in reversing the judgment on the sole ground that the petition states no cause of action, when the record by its silence on other points concedes that the case has been tried free from error.

All the judges concurring, the judgment is affirmed.