ELMER STONE, Respondent, v. JOHN HALSTEAD,
Appellant.

### St. Louis Court of Appeals, April 23, 1895.

1. **Evidence:** JUDICIAL COGNIZANCE: INCORPORATION OF TOWN OF
   WEST PLAINS. The courts are bound to take judicial notice of public
   statutes, and, therefore, of the statute incorporating the town of West
   Plains, in Howell county.

2. **Forcible Entry and Detainer:** OBJECTIONS TO AMENDMENT OF
   COMPLAINT. An objection to an amended complaint in an action of
   forcible entry and detainer, on the ground of a variance between the
   description therein of the premises sued for and that contained in the
   original complaint, comes too late, when made for the first time after
   verdict.

*Appeal from the Howell Circuit Court.*—HON. W. N.
EVANS, Judge.

AFFIRMED.

*G. A. Chapman* and *W. J. Orr* for appellant.

*James Orchard* for respondent.

ROMBAUER, P. J.—The action is forcible entry and
detainer. The plaintiff filed a statement before the
justice, in which he described the lands detained by
metes and bounds and as known as lot 4 in block 1 of
Curry's Addition to West Plains, all in the city of
West Plains and county of Howell. He subsequently
filed an amended statement before the justice, in which
he described the lot by apparently different bounds,
but also as being designated on the plat as lot 4 in
block 1 of Curry's addition to West Plains. The
amended statement failed to state the county in which
the land was situated. Upon trial of the cause in the

circuit court, the plaintiff recovered judgment. The defendant appeals, and assigns for error the action of the court in giving and refusing instructions; also, that the justice had no power to permit an amended statement to be filed, and that neither the justice nor the circuit court had any jurisdiction, since it does not appear from the amended statement that the lands detained were in Howell county. .

The assignment touching the jurisdiction of the court is not well taken. The record shows that the justice was a justice of Howell county, and that the cause was tried on appeal in the city of West Plains, in Howell county, Missouri. We take judicial notice of the fact that circuit courts are bound by statute to hold their sessions at the county seat. It thus sufficiently appears by the record that lands alleged to be situated in the City of West Plains were situated in Howell county. Beyond this, however, we are bound to take judicial notice of the public statute incorporating the town of West Plains, in Howell county (Session Acts, 1861, p. 253). In that respect the case is essentially different from *Johnson v. Fisher*, 56 Mo. App. 552.

Nor is there any merit in the assignment that the filing of an amended statement before the justice was unwarranted, and hence the court should have arrested the judgment rendered thereon. Assuming that the amended statement thus filed contains a description of the land different from the one contained in the original statement, yet no objection was made on that account by the defendant in the circuit court, by motion to strike out or otherwise. The defendant went to trial on the amended statement without objection, and his complaint comes too late, when made for the first time after verdict, that there is a variance in the description of the lands as contained in the original

and amended statement.    Revised Statutes, 1889, sections 2113, 6339, 6345.

Before proceeding to the examination of the complaint touching the instructions, we deem it proper to say that the evidence set out in the record which bears on that question is very indefinite.   The statement of the appellant contains neither an abstract of the evidence, nor the instructions complained of.   An examination of the transcript of the record indicates that the controversy between the parties on the trial was touching the following facts: *First,* whether lot 4 in block 1 of Curry's addition covers the land on which the defendant made the entry complained of, and, *next,* whether the plaintiff at any time had any actual possession of it.   The description of the land by metes and bounds in the plaintiff's amended statement is sufficient to cover the land on which the defendant entered and which he detains, but it is by no means clear that its description as lot 4 in block 1 covers it.   On the recorded plat of the addition a line is drawn dividing a lot lengthwise.   On one side of line is the figure 4, and on the other side the words "Doctor Schutte."   The defendant claims that the Schutte lot and lot 4 were always known as separate lots, and that he only entered on the Schutte lot and on no part of lot 4.   On the other hand, the plaintiff claims that the entire tract was under one common fence as lot 4, was known as one lot, pointed out to him as such, and that he took possession of it as of one lot, and exercised acts of possession over it accordingly.   As there was substantial evidence supporting the plaintiff's view, and also evidence warranting the jury in finding that the plaintiff exercised possession over the entire lot described in his complaint by metes and bounds, we would not be warranted in disturbing the verdict.   The instructions of both parties predicate their respective rights of recovery

Boley v. Machine Co.

on the finding by the jury of the facts as claimed by them respectively.

It goes without saying that the judgment in the case does not affect the respective titles of the parties one way or the other. The plaintiff's right of recovery does not depend upon the superiority of his title, but upon his prior, peaceable possession, and the defendant's forcible entry invading such possession.

All the judges concurring, the judgment is affirmed.