Optical Co. v. Richards.

THE HIRSCHBERG OPTICAL COMPANY, Appellant, v. D. P. RICHARDS, Respondent.

### St. Louis Court of Appeals, May 7, 1895.

1. **Practice, Appellate**: AFFIRMANCE OF JUDGMENT FOR RIGHT PARTY. The judgment in this cause is affirmed on the ground that it is for the right party.

PER BOND, J.

2. **Pleading**: AIDER BY VERDICT. All imperfections and defects of averment, of which no advantage is taken before trial, and which do not go to the essential principle upon which the right of action or defense is founded, are cured after verdict.

3. **Fraud**: MISREPRESENTATION AS TO VALUE. Although it is a general rule that misrepresentations as to value are not ground of recovery for deceit, an exception thereto exists when, in the case of a sale of goods, peculiar means of knowledge are possessed by the vendor and are not open to the purchaser.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Chester H. Krum* for appellant.

*Odon Guitar* and *Nathan Frank* for respondent.

BOND, J.—The petition contains two counts; one for breach of contract, claiming damages at $500, and the other for goods sold under said contract, of the alleged value of $713.94. The agreement sued upon was executed by the parties on the thirtieth day of April, 1892, and provided that defendant should have the sale of plaintiff's optical goods for one year in the town of Columbia, in consideration of which defendant agreed to sell such goods only during the term of said

contract. The contract further fixed the terms of sale for goods to be bought thereunder by defendant for the purpose of carrying out its stipulations.

To the first count in the petition, defendant answered "that he was induced to sign the contract solely by reason of the false and fraudulent representations contained in said contract, and made by plaintiff and its agent, A. Hirschberg, prior to and at the time of signing the same, touching the quality, value and utility of goods in said contract mentioned." The answer then specified the representations complained of, and concluded, to wit: "All and each of which said several representations plaintiff and its said agent, at the time they were made, knew to be false; that said representations, and each of them, were made with a fraudulent intent and purpose to induce defendant to enter into said contract; that within a few days thereafter, and after receiving and examining the goods shipped to him in pursuance of said contract and discovering the fraud and deception which had been practiced upon him, he returned said goods and notified said company of his refusing to act under said contract, or to accept said goods, or execute the note which was to be given in payment therefor." Defendant, further answering said first count, denies that plaintiff has been damaged in the sum of $500, or in any other sum, by reason of defendant's refusing to execute said contract and to lend himself to the fraudulent designs which he alleges were intended to be accomplished under the same. And defendant further denies each and every allegation contained in said first count, and not hereinbefore specifically admitted.

To the second count, defendant interposed a general denial, and a further defense that the goods shipped him by plaintiff were not such as had been ordered, and were "of little or no value," and billed at prices double

their market value, for which reason defendant refused to have anything further to do with said goods.

To these defenses plaintiff replied by a general denial, and reaffirmed the statements of its petition and prayed judgment. Upon the issues thus made, a trial was had, at which there was evidence tending to prove the defenses set up in the answer, and a verdict and judgment on both counts was rendered in favor of defendant, from which this appeal is prosecuted.

The first error assigned is that the evidence as to the fraud practiced by defendant in securing the signature of defendant to the contract was improperly admitted, since the averments of the answer did not sufficiently raise the defense of deceit. In support of this assignment it is claimed that the answer contains no averment that the defendant was ignorant of the falsity of the representations made, and believed them to be true. While it is undoubtedly the law that a pleading which does not state the constitutive facts essential to a right of action or defense is open to objection in any stage of the proceedings, yet it must be clear, when such objection is made for the first time on appeal, that the pleading neither in terms, nor by reasonable implication states a cause of action or a right of defense. All imperfections or defects of averment not taken advantage of before trial, and which do not go to the essential principle upon which the right of action or defense is grounded, are cured after verdict. Revised Statutes, 1889, sec. 2113, clauses 8 and 9; *Bank v. Leyser*, 116 Mo. 51; *Lynch v. Railroad*, 111 Mo. 601; *McDermott v. Claas*, 104 Mo. 14. In the present case the plaintiff joined issue on the defenses made in the answer, and evidence bearing on these issues was received, of which plaintiff now complains, not on account of its insufficiency to establish the facts essential to a defense of fraudulent representations, but

on account of the omission of the answer to aver in express terms that the representations of plaintiff were fraudulent and were not known to be such by the defendant when made, but were believed to be true. This averment is not affirmatively made in so many words in the answer; but a fair interpretation of all the averments in the answer to the first count of plaintiff's petition leaves no doubt that the averment in question is implied in those made.   The answer *supra,* after alleging in apt words the false representations knowingly made by plaintiff to induce defendant to enter into the contract, and that solely by reason of these misrepresentations defendant signed the contract, adds the following statements:   "That within a few days thereafter, and after receiving and examining the goods shipped him in pursuance of said contract and *discovering the fraud and deception which had been practiced upon him,* he returned said goods and notified said company of his refusing to act under said contract, or to accept said goods, or execute the note which was to be given in payment therefor."   The underlined averment in this quotation can only mean that the false representations made to defendant deceived him, which was, of course, impossible, unless he was ignorant of their falsity and believed them to be true when made. The first assignment of error is, therefore, overruled.

Neither was there any error in the refusal, by the court, of the instruction requested by plaintiff, that "the contract sued on contains no false representations whatever."   The answer averred that the defendant was induced to sign the contract solely by reason of the false representations contained in said contract, and made by plaintiff and his agent prior to and at the time of signing the same.   It further specified that the representation contained in the contract, that the spectacles and eyeglasses were "non-changeable," was one

of the misrepresentations upon which defendant relied. There was evidence tending to support this averment. Hence, the court did not err in refusing the above request.

Plaintiff criticises instruction number 1 given for defendant, because it "submitted to the jury the question whether the appellant, in the contract sued on, knowingly made false representations touching the composition, utility or value of the goods in the contract mentioned." Whether or not the contract contained a false representation was, as above shown, an issuable fact under the answer, and hence was properly relegated to the jury. Nor is this instruction obnoxious to the general rule, that misrepresentations as to the value, price, etc., are not the basis of recovery for deceit. An important exception to this rule exists, when "peculiar means of knowledge are possessed by the vendor and are not open to the purchaser." Kerr on Fraud and Mistake, p. 47; *Allen v. Hart*, 72 Ill. 104. This limitation is expressly contained in the instruction.

Plaintiff alleges that instruction number 2 given for defendant is erroneous in not requiring the jury to find that defendant did not know that the representations which led him to execute the contract were false. This objection is answered by the concluding part of the instruction, to wit: "And that defendant, relying upon the truth of said statement and representation, was thereby deceived and induced to enter into said contract, and has been, or would be, injured thereby, then your verdict must be for the defendant on the first count of the petition." Defendant could not have *relied* upon the *truth* of the misrepresentations and have been *deceived* by them in the contract, unless he was ignorant of their falsity.

Plaintiff admits that the instruction given for defendant on the method of proving fraud was a cor-

rect statement of the rule, but insists that it does not apply to the specification of fraud sued on. The jury not only could not have been misled by this instruction, but were entitled to it as a guide in their investigation of the evidence tending to prove the facts essential to make a case of fraudulent representations.

Plaintiff also claims that the court should have given an instruction requested by it, that false statements as to the value of the spectacles and eyeglasses sued for constitute no defense in this action. This instruction did not embrace the exception to the proposition shown above; hence its refusal was not error.

It is next urged that "the instructions given for the respective parties are irreconcilable." Plaintiff does not point out the inconsistency in any particular instruction. The court seems to have given voluminous instructions on behalf of plaintiff, covering every phase of the evidence. The instructions, taken as a whole, are not inconsistent, and fully represented the issues joined.

The foregoing is my opinion on all the points made in appellant's brief. My associates do not concur in all said therein. But we are all agreed that the verdict of the jury in favor of defendant on the issues joined on the second count was an affirmance of his right to return the goods sued for. As the answer to the first count of the petition averred that such return of the goods was rightful and denied all other breaches of the contract in suit, and no other breach was established by the proof, the result is that the verdict in the second count being in defendant's favor, and not having been obtained by any legal error, warrants the conclusion that the judgment in this case on both counts was for the right party. It will, therefore, be affirmed. All concur.