JAMES ZIMMERMAN *et al.*, Respondents, v. SKILLMAN DOWNEY, Appellant.

Kansas City Court of Appeals, April 6, 1896.

1. Appellate Practice: MOTION FOR NEW TRIAL: EXCEPTION. Where no exception is saved to the overruling of the motion for new trial, the appellate court reviews only matters appearing on the face of the record proper.

2. Justices' Courts: REPLEVIN: JURISDICTION. Replevin before a justice may be instituted without either affidavit or bond as the filing of a proper statement unverified gives jurisdiction of the case.

3. Appellate and Trial Practice: INFORMAL STATEMENT: OBJECTION: EXCEPTION. Defendant appeared in a justice's court and went to trial on the merits, appealed to the circuit. court and tried his case again on the merits without objecting to the plaintiff's statement as being unverified and first raised the objection in the appellate court. *Held,* too late. There was a judgment rendered and it will not be arrested on account of defects not substantially affecting the merits of the case unless objection was made in the trial court.

*Appeal from the Harrison Circuit Court.*—HON. P. C. STEPP, Judge.

AFFIRMED.

*Sallee & Goodman* for appellant.

(1) We earnestly insist that the trial court had no jurisdiction of this cause. The so-called statement was not verified by affidavit as required by law. R. S. 1889, secs. 6169, 6170. The affidavit is not signed by the plaintiffs, and for this reason confers no jurisdiction upon the justice. *Crum v. Elliston*, 33 Mo. App. 591; *Bank v. Garton*, 40 Mo. App. 113; *Dowdy v. Wamble*, 110 Mo. 280; *Hargadine v. VanHorn*, 72 Mo. 370; *Cross v. Hulett*, 53 Mo. 397; *Burnett v. McCluey*, 92 Mo. 230; *Frederick v. Tiffin*, 22 Mo. App. 443; *Fisher v. Davis*, 27 Mo. App. 321; *Turner v. Bondalier*, 31 Mo. App. 582; *Norman v. Horn*, 36 Mo. App. 419. The defect of want of affidavit is not cured by section 6174, Revised Statutes, 1889, for that only permits a summons to be issued without the filing of a bond, but still requires a proper statement. Neither the statement nor the affidavit is signed in the case at bar, hence it fails to comply with the indispensable requirements of section 6169.

*J. C. Wilson* and *J. W. Peery* for respondent.

(1) The appellant having failed to except to the action of the court in overruling his motion for new trial has waived all of his alleged exceptions, and nothing will be considered by this court on this appeal, but the record proper. *Danforth v. Railroad*, 123 Mo. 196; *Huttig S. & D. Co. v. Montgomery*, 57 Mo. App. 91; *State v. Gilmore*, 110 Mo. 1; *Taylor v. Switzer*, 110 Mo. 410; *Hubbard v. Quisenberry*, 32 Mo. App. 459; *State v. Harvey*, 105 Mo. 316. (2) The statement and affidavit, though not signed, was not void, but was subject to amendment in the circuit court. It contains an allegation of every fact required by section 6169,

Revised Statutes, 1889, and the justice of the peace certifies that it was subscribed and sworn to by both of the plaintiffs. The defect is merely technical and not jurisdictional. *Bergesch v. Keevil*, 19 Mo. 127; *Crum v. Elliston*, 33 Mo. App. 591; *Smith v. Benton*, 15 Mo. 371; *Dowdy v. Wamble*, 110 Mo. 280; *Henderson v. Drace*, 30 Mo. 358; *Hardin v. Lee*, 51 Mo. 241; *Avery v. Good*, 114 Mo. 295, *loc. cit.*; *Launius v. Cole*, 51 Mo. 147; *Laswell v. Pres. Church*, 46 Mo. 279; *Finley v. West*, 51 Mo. App. 569; *Bank v. Spangler*, 59 Mo. App. 172. (3) The statement and affidavit contains every allegation necessary to the statement of a cause of action; both the justice of the peace and the circuit court had jurisdiction of the subject-matter, and the parties submitted themselves to the jurisdiction in each court. In such a case, after verdict, the defendant will not be permitted to raise a purely technical objection in the appellate court. He could not have done so by motion in arrest even. R. S. 1889, sec. 2113; *Hat Co. v. Hombs*, 127 Mo. 399, *loc. cit.*; *Optical Co. v. Richards*, 62 Mo. App. 410 ,*loc. cit.*; *Stone v. Halstead*, 62 Mo. App. 137.

GILL, J.—This is an action in replevin, brought before a justice of the peace for the recovery of specific personal property. Plaintiffs had judgment, both in the justice's court and, on appeal, in the circuit court; and defendant brought the case here.

Respondents' counsel call attention to the record, which shows that defendant failed to except to the action of the trial court in overruling the motion for new trial. We are, therefore, not authorized to consider the various objections relating to the course of the trial. These are to be treated as waived. This leaves, then, for review only such matters of complaint as may appear on the face of the record proper.

As to this, it is claimed that the trial court had no jurisdiction of the cause, because the statement filed with the justice was not properly verified by affidavit. The statement and bond appear to have been written on the face of one piece of paper. The signatures of the plaintiffs are attached to the bottom of the bond, but not at the foot of the statement, though the justice, in his certificate, or jurat, affixed to the paper, certifies that:

"James Zimmerman and Louisa Burk, plaintiffs, make oath and say that to the best of their knowledge and belief, the facts and allegations contained in the above statement are just and true. Sworn to and subscribed before me on this twenty-seventh day of April, A. D. 1894.

(Signed)       "H. W. BEENEY,
          "Justice of the Peace."

There is no theory now upon which defendant's claim of want of jurisdiction can be maintained. For if we admit that there was no affidavit whatever—defective or otherwise—its absence did not deprive the court of jurisdiction of the cause. Replevin before the justice may be instituted without either affidavit or bond. It is the filing a proper statement (though not sworn to) that gives jurisdiction of the case. The purpose of the affidavit and bond is to secure for the plaintiff the *possession* of the property in advance of the court's judgment. Without these, the plaintiff may rightly begin his action and the court will acquire jurisdiction; but the custody of the property will not be awarded the plaintiff till the case is heard and the respective rights of the parties determined. *Eads' Adm'r v. Stephens*, 63 Mo. 90; *Hamilton v. Clark*, 25 Mo. App. 428; *Bingham v. Morrow*, 29 Mo. App. 448; *Oxley Stove Co. v. Whitson*, 34 Mo. App. 624; *Keen v. Munger*, 52 Mo. App. 660.

More than this, defendant made no complaint of a defective affidavit (and that is all that can be said of this) until the case came to this court. He filed an answer before the justice claiming the right to defeat plaintiffs on the merits. He was there defeated and when the cause came up for trial on appeal in the circuit court, defendant made no objection by motion or otherwise, to the sufficiency of the verification to the statement. No such objection was ever made till the cause reached this court. He was clearly, then, too late, and all such exceptions will now be considered as waived. Even conceding the affidavit to have been originally imperfect and subject to attack, it is one of those unsubstantial errors which will be overlooked after verdict and judgment. Sec. 2113, *et seq.*, and sec. 2303; *Stone v. Halstead*, 62 Mo. App. 136; *Optical Co. v. Richards*, 62 Mo. App. 408.

"Litigants will not be permitted to remain quiet as to defects not affecting substantially the merits of the case, until a judgment has been rendered, and then move-in arrest of judgment on account of such defects, and much less so can the objection be made in this court for the first time." *Hat Co. v. Hombs*, 127 Mo. 392–400.

Judgment affirmed. All concur.