## V. A. CUMMINGS, Respondent, v. GEORGE C. ELLIS, Appellant.

### St. Louis Court of Appeals, May 25, 1909.

1. **ANIMALS: Impounding Strays: Stock Law Not in Force.** The provisions of chapter 163, Revised Statutes 1899, relating to "strays," apply in a county in which the statutes to restrain animals from running at large are not in force.

2. ———: ———: **Compensation.** Where a person took up live stock running at large in his field, which was enclosed by an ordinary rail fence, on December 25, and within ten days thereafter published notices, giving thirty days' notice of his intention to post said stock, and also within five days thereafter caused notice of the finding of said strays to be filed in the office of the clerk of the county court, as provided by sections 10137, 10138, Revised Statutes 1899, he was entitled to retain possession of said stock, as against their owner, until the latter compensated him in accordance with the provisions of section 10150, Revised Statutes 1899.

3. **JUSTICE COURTS: Replevin: Jurisdiction: Verification of Affidavit.** It is not necessary that a statement in replevin filed before a justice of the peace be verified by affidavit, in order to give the justice jurisdiction.

Appeal from Taney Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED..

*Groom & McConkey* for appellant.

*G. W. Thornberry* for respondent.

GOODE, J.—This is an action of replevin which was instituted before a justice of the peace, proceeded thence by appeal to the circuit court and from there here. The property involved is two yearling mules belonging to plaintiff, and taken up by defendant in his field while running at large on December 25, 1906. He at once published notices describing the property, and stating if the owner did not come forward and claim and prove it before the expiration of thirty days from the date of the notice, to-wit, December 26, 1906, it would be posted before some justice of the peace in Taney county, Missouri. In addition defendant filed one of the notices in the office of the clerk of the county court the second day after he posted the notice. The day the notices were put up plaintiff saw one of them and ascertained where his property was. He fell in with defendant that day, asked him what the latter's charge was for keeping the property and was told it was one dollar. Instead of paying this sum, plaintiff began the present action a few days later. Much testimony was given tending to show defendant had been harassed by marauding stock belonging to plaintiff. Defendant did not claim he had a lawful fence, but said he had an ordinary rail fence, such as was common in the country. At the conclusion of the evidence the court gave a peremptory order to the jury to return a verdict for plaintiff, and ignoring all requests for instructions recognizing defendant had any right to retain the property until he was compensated according to law for the

expense of feeding and caring for the animals, posting notices, etc. The evidence shows the statutes to restrain animals from running at large were not in force in Taney county. [R. S. 1899, ch. 79, art. 2.] Nevertheless, we think the provisions of chapter 163, relating to "strays" authorized defendant to take up the mules and entitled him to reimbursement. It is provided in section 10137 that no person shall post any animals or strays, unless he shall have given thirty days' notice of his intention to do so in ten days after the animal was taken up. That provision was complied with by defendant. The same section says no person shall take up as a stray any unbroken animal between the first day of April and the first day of November; but any animal that has broken through a fence and is found in any person's inclosure, may be taken up at any time by such person and posted as a stray. The next section says if an animal liable to be taken up is found in a plantation on the 15th of December of any year or any day thereafter until April 15th, the occupant of the premises shall cause notice of such stray to be filed in the office of the clerk of the county court within five days after the finding of the stray. Defendant complied with the latter section, and it seems to us the two authorized him to take up these animals on December 25th if found on his farm. The statute prescribed what his compensation should be and how settled. [Sections 10150, *et seq.*] Plaintiff as owner could not retake the property without compensating defendant according to the statute.

The point is made that the justice court acquired no jurisdiction because the statement in replevin was not verified by affidavit. An affidavit was not necessary to give jurisdiction. [Hingham v. Morrow, 29 Mo. App. 488; Zimmerman v. Downey, 66 Mo. App. 106.]

The judgment is reversed and the cause remanded. All concur.