NEW-YORK,
May, 1805.

John Robert
and others
v.
Isaac Garnie.

## John RobertE and others xecutors of John De Noyel‐ les, *against* Isaac Garnie.

Parol evi‐
dence is not ad‐
missible to
shew, from cir‐
cumstances that
the sum expres‐
sed in a receipt
of 25 years
standing was
continental mo‐
ney, and there‐
fore amounted
to less than the
value express‐
ed. A payment
for which a re‐
ceipt is given to
a person, in his
own name, is
evidence of a
payment on his

DEBT on a bond in the penal sum of 225l. dated 17th Marc, 1773, conditioned for the payment of 79l. on the 1st of May then next, and 42l. 10s. on the 1st of May, 1774.

At the trial, payment of part of the amount was indorsed on the bond, and for the exact balance with interest, the following receipt was given in evidence. " Received, *Haverstraw,* 5th " of *May,* 1779, of *Isaac Garnie* the sum of one hundred and four " pounds, on account of a bond given to the estate of *John De* " *Noyelles,* deceased. *E. W. Kiers* executor." The plaintiffs' counsel then offered to prove, that at the time when the receipt was given, there was no other circulating medium than conti‐ nental paper money, which was then very much depreciated; that *Kiers* had, about that period, received large sums of such currency, and from thence wished to infer, that the money men‐

tioned in the receipt was continental money, and its value far less than the amount specified. This being over-ruled, he offered to prove a joint and several bond to the testator, by *Garnie* and one *Johnson*, conditioned for the payment of 20l. and insisted he had a right to apply the money in the receipt to the satisfaction of this last bond, as it did not appear that the debtor had directed its application. The judge being against him on this point also, charged the jury to find for the defendant, in favor of whom they accordingly brought in their verdict. The application now made was to set this aside for misdirection.

*Baldwin* for the plaintiff, urged the same reasons as were used on the trial, citing *Goddard* v. *Cox*, 2 *Stra.* 1194, to shew the creditor's right to apply.

*Woods and Caines* contra, not denying the authority, reasoned as in the decision of the court, which was delivered by,

Tompkins, J. Two questions are made in this case,

1—Whether the evidence which the plaintiffs offered, relative to the currency, in which the sum of money mentioned in the receipt of *E. W. Kiers* was probably paid, ought to have been submitted to the Jury ?

2—Whether the plaintiffs were at liberty to apply that sum, or a sufficient part of it, to the discharge of the joint bond of the defendant and *John Johnson*, conditioned for the payment of twenty pounds ?

Although receipts for money are examinable, they ought not to be affected by circumstances so extremely slight, as those which the plaintiffs proposed to prove in this case.

The probability is, that the money mentioned in *Kiers'* receipt, if paid in continental money, was received by him at its real value, according to the then depreciated state of that currency.

This receipt was given nearly twenty five years before the trial of the cause, and, after such a lapse of time, it would be extremely mischievous to permit the party, whose co-executor had given it, to destroy its operation by light circumstances.

There is no pretence for the plaintiffs to apply the sum of money paid in *May*, 1779, to the discharge of the bond of *Johnson* and the defendant ; the receipt is for 104l. on account of a bond given to the estate of *De Noyelles*. There was at that time no one bond due the testator upon which a sum equal to that paid was due, except the bond upon which this suit is brought, and the sum of 104l. was the precise amount then remaining unpaid

*The marginal headnote reads:* own account, and that it was not made on account of a debt due from him and another, though there do not appear any directions to apply it to the separate account, especially if such payment be for the exact amount of a balance due from himself, and would overpay the joint debt.

NEW-YORK,
May, 1805.

William Davy
v.
R. S. Hallet.

upon that bond. This shews that both debtor and creditor intended at that time to apply the payment to the discharge of this bond.

I am therefore of opinion that the testimony offered by the plaintiffs, which was over-ruled by the judge, was properly rejected, and that the defendant ought to retain his verdict.