The Chief Justice
delivered the opinion of the court.
This case comes before us on a writ of error to the Court of Common Pleas of the county of Warren, and certain bills of exceptions taken on the trial in that court.
The declaration is upon two bonds. The pleas are first, that the bonds are not the deeds of the defendants; and second, that the defendants paid to the plaintiffs, post diem, the moneys mentioned in the conditions of the bonds.
Upon the trial after the plaintiffs had closed their evidence and the defendants had opened their defence, they called one B. T. Hunt as a witness ; and among other things proposed to ask him, “ whether he had not heard the plaintiff's, or either of them, admit that the defendants had made payments upon certain bonds held by the said plaintiff’s against the said defendants, or anything to this effect?” The question was objected to and Overruled by the court. The witness was then asked “ whether the plaintiff, or either of them had not acknowledged to him, that they had received of the defendants several large sums of money, amounting to six thousand dollars or thereabouts.” This question was also objected to and overruled by the court! who were of opinion that the questions must be restricted and limited to the bonds then in suit. In support of a plea like the present, of payment post diem, two propositions are to be established; 1st, the payment of the money; and 2d, the application of such payment to the bond in question. These propositions are sometimes established by one and the same witness, or voucher, or document; and at other times the former proposition is established by one witness or document, and the latter by another; and at sometimes the latter, or the application of the payment, is an inference or conclusion of law; as where a general payment is made to a creditor having different demands or holding different securities. If the propositions are established by the same witness or document, a general payment, or in other words *122 a payment not in itself or by the very proof of payment confined to the debt, does not come in question; but if they are established by distinct witnesses or documents, it is a matter of necessity that proof of the payment be general and not specific; but afterwards to be rendered specific and to be applied. Now if these propositions are not necessarily to be proved by one and the same witness or document, a position which will not for a moment be insisted on, and may be proved from different sources of evidence, it follows as a necessary consequence, that the debtor may be permitted, first to shew the general payment, and then to apply it to the specific object. If the payment be general, the application must no doubt be shewn, either by the acts of the parties or the operation of law, or the defence must fail. And in the ordinary course of enquiry, the proof of the payment will and should precede the application or specification; for it is useless to look for an application until the matter to be applied is first established. If a general payment may, in no case, be proved, without combining'the proof of application with the very proof of payment, the multitude of cases we find in the books, upon the application of moneys paid by a debtor to a creditor, could never have existed; as where a general payment *is made by a debtor, without appropriation, to a creditor holding several claims, and is applied by the latter, according to his option; and in other cases where the creditor holding some securities drawing interest and others not, the law will apply the payment, not being applied by the debtor, first toward such of the securities as draw interest; and so in other cases. In all these instances, the debtor must have been permitted to give evidence of payment in general or payment without specified appropriation. In Goddard v. Cox, 2 Str. 1194; Bloss v. Cutting, cited ibidem; Roberts v. Gerine, 3 Caines 14; Neggot v. Miles, 1 Ld. Raym. 286; Cremer v. Higginson, 1 Mason 338; Barret v. Lewis, 2 Pick. 123, general evidence of payment was given. In the United States v. *123 Janeway and Patterson, 7 Cranch 272, and in Sandford, 7 Wheat. 13, the propriety of such evidence is recognized. In the intercourse'of business, especially among the commercial men, such general payments are extremely common. Thus the merchant in the country indebted to the merchant in the city remits a sum of money, without any other remark than “I send you such a sum,” or perhaps transmits it by a messenger who hands it over without comment. Shall the country merchant be precluded from shewing that, at such a time, he remitted such a sum, unless at the same moment he can shew by the same mode of proof that it was in payment of the merchandize previously bought? Or if a customer pays a sum to the merchant or the tailor, is he to be excluded from proof, unless he shews that he avowed at the time, it was towards the goods he had procured, or for the work which had been done ? Let us suppose the evidence offered on the trial and whose admissibility is now the subject of examination had been in writing instead of .by parol; that the defendants had produced a receipt, signed by the plaintiffs, acknowledging to have received of the defendants, on a given day, "payments on certain bonds held by the plaintiffs against the defendants,” or a receipt acknowledging in general terms the receipt of six thousand dollars, a style of receipt by no means uncommon in the transaction of business. ' Such a document, I think, would be and ought to be, admitted without hesitation on the trial of the present issue, yet although such evidence might be higher in degree and more worthy of confidence *than the parol evidence here proposed, it is not more justly admissible. It may be more credible but not more competent.
In order to test the soundness of the principle, on which the court below made the decisions contained in these bills of exceptions, let us suppose the plaintiffs besides the two bonds now in suit, held two other bonds given by the defendants, and had actually paid to the plaintiffs six thousand dollars, without anything more than the act of pay *124 ment. The questions to be propounded to the witness, according to the rule adopted by the court, must be limited to the bonds in question. Now the witness or witnesses who may have been present at the payment can say nothing of the bonds here in question. They are not therefore to be regarded. Another suit being brought, on the other bonds, the witness must, in like manner and for the same reason, be excluded ; and thus the plaintiffs though having actually received the six thousand dollars are to be allowed to recover the whole. Such rules of evidence stand on no reasonable or legal foundation.
It was argued that general evidence ought not to be received, because of the hazard of trusting a jury with the question of application; because a willing jury, as it was said, may apply the payment towards debts to which it does not appertain. I cannot feel the force of this reasoning. The application, as already remarked, must be shewn either by the operation of the law, or • by the act of the parties or of such of one of them as was entitled to make the application. We must rely on the intelligence of the jury in their deliberations and of the court .in giving them suitable instructions. And when shall we receive evidence if we wait to find that which may not be mistaken or-perverted ?.
It was farther argued against the admission of the evidence proposed in these bills of exceptions, that being admitted, the burthen of proof would thereby be thrown on the plaintiffs, the creditors, to shew that the paymeut was not on account of these bonds. Without deciding whether such be the legal consequence, it is enough to say that if it be so, the evidence is not therefore to be refused. Let the general payment be shewn. Its application then recurs. If further evidence to specify the *appropriation be requisite, the debtor must furnish it, or the evidence he has given is of no avail. If the legal inference, without farther evidence, is that a presumption of the payment of the bonds *125 in question is thereby raised, the defendants ought not to be precluded from the benefit of such presumption, and the creditor ought to repel the proof or be subject to its effect.
In the present case, then, I think, the evidence proposed in the bills of exceptions ought to have been heard. If general answers had been given by the witness and the defendants could not have applied, either by the act of the parties or by the operaton of law, such general evidence to the bonds in question, they would have failed in their defence, and the jury under the direction of the court ought to have rendered their verdict accordingly.
Judgment reversed.