JOHN FRINK, appellant, *v.* JOHN C. FLANAGAN, appellee.

*Appeal from Stark.*

6 35
51a 420

6 35
162 343

Gilman
1g 35
111a ³492

The third section of the Replevin Act of 1839 requires, that before any writ of replevin shall issue, an affidavit shall be made by the plaintiff, or some one for him, "that the plaintiff in such action is the owner of the property," &c.

An affidavit made by an agent should be as positive as when made by the plaintiff himself; in this respect, the sixth section of the Act of 1827 is repealed.

An insufficient affidavit may be amended on motion, if the application is seasonably made.

A motion to dismiss a suit for want of a sufficient affidavit comes too late after the party has appeared and pleaded, such appearance and pleading operating as a waiver of the irregularity in issuing the writ without a sufficient affidavit.

REPLEVIN, originally brought in the Peoria Circuit Court, May term 1843. The affidavit filed in the case was as follows, to wit:

"State of Illinois, ⎱ ss.
Peoria County. ⎰

Curran Walker, being duly sworn, on oath deposes that he is the agent of John Frink—that he has good reason to believe and does verily believe that the said John Frink is the owner and lawfully entitled to the possession of the following described property, to wit: Eight sticks of hewed oak timber

from eighteen to twenty feet long and from eight to ten inches square,—one stick of hewed oak timber from twenty to thirty feet long, and from eight to ten inches square, and fifty seven unhewed oak logs from twenty five to thirty feet long, and all of the value of seventy five dollars. That the said property is unjustly and unlawfully detained by John C. Flanagan, and that the same has not been taken and is not detained for any tax, assessment or fine levied by virtue of any law of this State, nor seized under any execution or attachment against the goods and chattels of said John Frink, liable to execution or attachment.

                                        Curran Walker.

  Subscribed and sworn to before
    me, this 3d March, A. D. 1843.
                         Wm. Mitchell, Clerk."

The plaint and declaration, in the usual form, was filed at the same time. At the October term of the same year, on motion of the plaintiff and application filed, the venue was ordered to be changed to Stark county, upon the issue being made up between the parties, &c. At the March term 1844, the defendant pleaded and issue was joined, and the order complied with. At the October term of the Stark Circuit Court, the Hon. John D. Caton presiding, the defendant moved to dismiss the suit for want of a sufficient affidavit, and the plaintiff entered a cross motion to amend the same. The motion to dismiss was sustained, and judgment entered against the plaintiff for six dollars and costs, and a return of the property. From this judgment the plaintiff appealed.

*E. N. Powell & W. F. Bryan,* for the appellant:

It is the universal practice of Courts to require an application to set aside proceedings for irregularity to be made as early as possible; or, in other words, in the first instance: A party cannot take advantage of any error or defect in the process, after he has entered his appearance. 1 Duer's Practice, 366; *Pixley* v. *Winchell,* 7 Cowen, 366; *Bronson* v. *Earl,* 17 Johns., 63; *Pearson* v. *Rawlings,* 1 East,

77; *Harris* v. *Mullett*, 1 Taun. 59; *Easton* v. *Altum*, 1 Scam., 250; *Vanderbilt* v. *Johnson*, 3 do. 50.

After issue is joined on the merits, it is too late to object to the jurisdiction. *Swartwout* v. *Roddis*, 5 Hill's (N. Y.) R. 119; *Malone* v. *Clark*, 2 do. 657.

An affidavit in replevin, like any other proceeding in a cause, is amendable. *Cutler* v. *Rathbone*, 1 Hill's (N. Y.) R. 204.

In this case, however, the affidavit is sufficient, inasmuch as the Act of 1839 does not repeal or modify the sixth section of the Act of 1827. It is in strict conformity to the Act of 1839, which requires the plaintiff or his agent to state in the affidavit additional facts to those required by the Act of 1827.

*O. Peters*, for the appellee.

The Opinion of the Court was delivered by

Caton, J. This was an action of *replevin*, commenced in the Peoria Circuit Court, where the issues were made up, and the venue changed to the county of Stark. There the defendant moved the Court to dismiss the suit for the want of a sufficient affidavit, which was resisted by the plaintiff, who applied for leave to amend his affidavit. The Court overruled the motion for leave to amend the affidavit, and sustained the motion to dismiss the suit. These decisions are assigned for error.

The affidavit was made by Curran Walker, the agent of the plaintiff, who states "that he has good reason to believe, and does verily believe that John Frink is the owner and lawfully entitled to the possession of the following articles of property," &c. We have no doubt, nor was any question seriously made on the argument, that this affidavit was insufficient. The third section of the replevin law of 1839 requires, that before any writ of replevin shall issue, an affidavit shall be made by the plaintiff, or some one for him, "that the plaintiff in such action is the owner of the property," &c. This law requires that the affidavit, when made

by the agent, shall be as positive as when made by the plaintiff himself, and thus far repeals the sixth section of the Act of 1827, under which this affidavit would have been sufficient.

Should the plaintiff have been allowed to have amended his affidavit, is a question to which we have been able to find no case, except *Cutler* v. *Rathbone*, 1 Hill, 206, which was a case, in all its features, precisely like this, except that it does not appear but that the motion to dismiss was made at the earliest appearance of the defendant. There the Court held, under a statute similar to ours, that an affidavit like this was insufficient, but that it might be amended, and this without any statutory provision on the subject. As we think this rule will tend to promote justice and prevent delays, we are disposed to adopt it. By adopting this rule, we hold that the Court decided erroneously in denying the application to amend the affidavit. This rule also disposes of another question raised on the argument, and that is, that the motion to dismiss was made too late after the defendant had appeared and pleaded. As we hold that such an affidavit is not the foundation of the jurisdiction of the Court, the appearance and pleading was a waiver of the irregularity in issuing the writ without a sufficient affidavit.

The judgment below is reversed, and the case remanded.

*Judgment reversed.*