Ruffin, O. J.
 

 Under the instructions to the jury, it must be taken on this verdict, that there was no mistake in reckoning the debt. But if there was a mistake, it has been corrected, so that the only question now is, whether any of the money, paid by the defendant, could be applied by the plaintiff to the damages on the protested bill of exchange.
 

 The defendant contended, that he was not liable for damages ; and nothing is stated which shews that he was. It does riot appear, that the bill was discounted; or, if it was, that the proceeds were put to the credit of the defendant in his general account, so as to give him the control of the money
 
 *554
 
 at his pleasure. It was understood, no doubt, that the mo-ney produced by the bill was to cover tho balance due on the note; and the bank would hardly have paid it for any other pUrp0se< ]\fow- as the bank kept the note,, and interest was running on the whole amount of it, we cannot suppose that the debtor would have the bill discounted, when the proceeds would be idle in bank, not stopping the interest on his debt, and yet not under his control or subject to his use in any other way, than in the discharge at a future day of this debt on the note. It is not a natural course of dealing; and the probability, upon the state of facts sent here, is, that the first bill was taken for collection, as is expressly stated in reference to the second. If that was the fact, no damages would have been due ; for the bank would be but the defendants’ agent, and could only claim expenses.
 

 But, admitting that claim to have been well founded, the plaintiff has no ground to complain of the directions to the jury. His own witness proved expressly, that the defendant positively refused to pay the damages, but was desirous of paying the note, and (after paying the expenses on the bill) did pay just what covered the note, or was supposed to cover it. Indeed, he paid a little more, and the plaintiff handed back a small sum in change, after retaining an amount equal to the principal and interest of the note. That, of itself was strong evidence of the application of the money to that debt.
 
 Roberts
 
 v.
 
 Garnee,
 
 3 Caines’ Rep. 14. His Honor, therefore, went further to sustain the plaintiff’s case than the evi-. device justified, when he told the jury, they might find this a general payment, and consequently, applicable to these damages, provided the. creditor refused to receive it as a partial payment of the note; for there is not the least evidence of any such refusal on any ground whatever. The witness said, indeed, that it was the practice of the bank not to receive partial payments. But that has nothing to do with this question, for no intimation was given of that to the defendants; and, indeed, this was not a case of partial payment. The defendants paid in the money as a full payment, and, except
 
 *555
 
 the corrected mistake, it was a full payment. It is only made to assume the appearance of being partial, by an application-^' subsequently of a part of it to another demand, by that means leaving a balance due on the note. But there was an express refusal of the defendants, at the time, to let any of the money go to those damages, and a precise application of it to the note. Under those declarations, the plaintiff silently accepted the money; and it would be a most unfair trick on the defendants to divert the application from the only debt the defendants meant to pay, or acknowledged, to one which they utterly denied. It was the debtors’, privilege, at the time they made the payment, to declare on what account they made it; and they did so in a way not to be misunderstood.- Therefore, the plaintiff could not change the appropriation of the money, and the judgment must be affirmed.
 

 Per Curiam, Judgment affirmed.