## HYDE *a.* PATTERSON.

*Supreme Court, First District; Special Term, January,* 1855.

In proceedings for the claim and delivery of personal property, a general appearance by defendants, is a waiver of any irregularity in the affidavits on which the requisition is founded.

An undertaking dated the 12th, recited an affidavit then made by plaintiff; the only affidavit in the suit was made on the 13th, by a person not plaintiff. *Held* the undertaking good.

Motion to vacate proceedings for the claim and delivery of personal property.

This was a proceeding under section 206, *et seq.*, of the Code, for the claim and delivery of personal property. The affidavit on which the requisition was granted, was made by Allen W. Smith, as agent of the plaintiffs. This affidavit alleged that the plaintiffs were the owners of the property claimed; that it was wrongfully detained by the defendants, and contained a description of the property and a statement, on information and belief, of the defendant's claim thereto. But it did not state any facts showing ownership in the plaintiffs, nor did it state the actual value of the property claimed.

The undertaking erroneously recited that an affidavit had been made by one of the plaintiffs, while the only affidavit in the suit was that above mentioned, made by Allen W. Smith, who was not a party. The undertaking was dated the 12th of December, and the affidavit the 13th.

After the property was taken, the defendants excepted to the sufficiency of the sureties, and the sureties justified, plaintiffs making no appearance on the justification. Defendants then on the 23d December, gave notice of this motion to vacate

Hyde *a.* Patterson.

proceedings, and on the 3d day of January, but before the notice was argued, gave a general notice of appearance.

*E. P. Brooks,* for the motion.

*First.*—The affidavit is insufficient.

I. It is not made by either of the plaintiffs, but by a third party, who does not state his means of knowledge.

II. It does not state facts tending to show ownership by the plaintiffs or unlawful detainer by the defendants.. A mere bare allegation by a third party of such ownership and detainer, is insufficient.

*Second.*—The undertaking is defective. It is made, dated and acknowledged the 12th day of December, at New York, and recited that an affidavit has been made by the plaintiff.

The affidavit upon which the property has been taken, is made and dated the 13th day of December, in Chemung county, by a person not a plaintiff, and not referred to in the undertaking.

The undertaking therefore does not refer to the affidavit used, or correspond therewith in any respect.

*William E. Curtis,* opposed.

I. The defendants by appearing generally in the action, have waived any irregularity in the affidavit. (Roberts *v.* Willard, 1 *Code R.,* 100).

II. By requiring plaintiff's sureties to justify, they lose any right to make any motion on the ground of irregularity. (*Whittaker's Pr.,* 670; 1 *Burrill's Pr.,* 367). 

III. The mere mis-recital of a matter not necessary to be recited, does not effect the liability of the sureties in the undertaking. (Conklin *v.* Dutcher, 5 *How. Pr. R.,* 388).

IV. The court will allow a new replevin bond to be filed *nunc pro tunc,* where the one given on the execution of the writ is defective. (Newland *v.* Willetts, 1 *Barb. S. C. R.,* 20; 1 *Hill,* 204; 19 *Wend.,* 632; Wilson *v.* Allen, 3 *How. Pr. R.,* 369; Burns *v.* Robbins, 1 *Code R.,* 62).

*E. P. Brooks,* contra. The general appearance does not

affect this motion—for it has been made since the notice of this motion.

Nor is it in any case a waiver. For this proceeding may be taken at any time before answer. Defendants may have appeared and demanded copy of the complaint before any proceeding of this sort were taken. Such an appearance could not oust them of their right.

CLERKE, J.—The general unconditional appearance of defendants, is a waiver of any irregularity in the affidavit.

The mistake in the recital of the bond, does not affect its validity. The essential part of the undertaking, and all that is required by the Code, is contained in the instrument in this case. It makes the sureties liable for the prosecution of the action, the return of the property, if return be adjudged, and the payment of the costs. And *quaere* whether the sureties would not be estopped from denying the truth of the recital?

Motion denied, with costs.