G. J. BINGHAM, Respondent, v. JOHN O. MORROW, Appellant.

St. Louis Court of Appeals, February 28, 1888.

REPLEVIN—AFFIDAVIT.—An action of replevin may be maintained without the statutory affidavit. The absence or insufficiency of such an affidavit raises no question of jurisdiction.

APPEAL from the Stone Circuit Court, HON. W. D. HUBBARD, Judge.

*Affirmed.*

J. J. GIDEON, G. A. WATSON, T. J. GIDEON, and JAS. R. VAUGHAN, for the appellant: The court committed error in not sustaining defendant's motion to dismiss the action for want of jurisdiction over the subject-matter. Rev. Stat., sec. 2882; *Hargadine v. VanHorn*, 72 Mo. 370; *Bray v. McCleary*, 55 Mo. 128; *Kimball v. Silvers*, 22 Mo. App. 520.

O. H. TRAVERS and D. M. PAYNE, for the respondent: In the circuit court the filing of the affidavit is a jurisdictional fact in attachment; in replevin it is not, for replevin may be maintained without an affidavit. *Eads v. Stephens*, 63 Mo. 90; *Mastin v. Bank*, 65 Mo. 16; *Bray v. McClurg*, 55 Mo. 128. Now, in a justice's court, in an action of replevin, the entire form given in section 2883, Revised Statutes, 1879, is an affidavit. The petition or statement is not one thing and the affidavit another. *Gist v. Loring*, 60 Mo. 488; *Wadkins v. Trice*, 55 Mo. 656. Besides, the form given in section 2883 is not mandatory—it is directory. *Reigert v. Volks*, 6 Mo. App. 53. The statement in this case was signed by the plaintiff, Bingham. This was a sufficient compliance with the statute. *Lannius v. Cole*, 51 Mo. 147; *Smith's Executor v. Benton*, 15 Mo. 371.

LEWIS, P. J., delivered the opinion of the court.

A complaint in replevin was filed by the plaintiff before a justice of the peace, in the following words:

"Plaintiff states that he is lawfully entitled to the possession of one red and white steer, two years old past, marked with a crop off of the right ear and split in the left ear, and branded with the letter J on the left hip; small for his age; of the value of eighteen dollars; that the same is wrongfully detained by the defendant at the county of Christian; that the same has not been seized under any process, execution, or attachment against the property of the plaintiff; that the said property has been injured in the sum of $———, and

that for the taking and detention of the said property, and for all injuries thereto the plaintiff is damaged in the sum of $————. Plaintiff further states that he will be in danger of losing his said property unless it be taken out of the possession of the defendant.

" Whereupon plaintiff prays judgment for the recovery of said property, and $———— damages for the taking and detention thereof and all injuries thereto.

"G. J. Bingham.

" Plaintiff makes oath and says, that to the best of his knowledge and belief the facts and allegations contained in the above and foregoing statement are just and true.

"..............................

" Sworn to and subscribed before me this 11th day of November, A. D., 1885.

"M. McDonald, J. P."

There was a jury verdict for the defendant in the justice's court, and, in the circuit court, on the plaintiff's appeal, the defendant moved for a dismissal of the cause for want of jurisdiction, because the plaintiff's statement was not verified by affidavit. This motion was overruled, and, after a verdict for the plaintiff, the defendant moved the court to "set aside the verdict of the jury and arrest the judgment," because the affidavit to the plaintiff's statement "was not signed by the plaintiff, nor his agent or attorney, nor verified as required by law;" and because the court had no jurisdiction over the subject-matter. This motion also was overruled, and the only point submitted by the defendant for our consideration on his appeal is, that the circuit court committed error in its rulings on these motions.

If the grounds of defendant's objections were well taken, they would not assail the jurisdiction of the justice, or of the circuit court, to hear and determine the cause. A suit in replevin may be maintained without any affidavit. *Eads v. Stephens*, 63 Mo. 90. The only office of an affidavit is, to anticipate the delivery

of the property to the plaintiff, without waiting for the determination of his rights by a judgment. If an order of delivery should be made prematurely upon an insufficient affidavit, or upon no affidavit, and executed by the officer, the proper remedy would be an order for the return of the property to the party from whom it was taken ; and not in a dismissal of the suit, or in an arrest of the judgment. In this case, however, it does not appear from the record that there was ever any preliminary order of delivery, or that the property was even taken out of the defendant's possession. There is, therefore, nothing of which the defendant can complain, whatever may have been contained, or not contained, in the alleged affidavit. The suit progressed as an ordinary action for the recovery of personal property, without any change in the *status* of either party, until the rendition of the final judgment.

With the concurrence of all the judges, the judgment is affirmed.