LOUIS GOODMAN, Respondent, *v.* JAMES G. SNOW, Appellant.

*Debtor and creditor — payment, how applied.*

Where a payment is made by a debtor to a person holding a judgment against
him, to whom he is also indebted upon an open account, with directions as to
the indebtedness upon which such payment should be appplied, it is the duty
of the person receiving the payment to apply the same as directed by the
debtor.

APPEAL by the defendant, James G. Snow, from an order of the
County Court of Orleans county, entered in the office of the clerk
of the county of Orleans on the 2d day of March, 1894, denying
the defendant's motion to set aside the execution issued on the judg-
ment rendered in the action.

*John H. White,* for the appellant.

*C. J. Church,* for the respondent.

LEWIS, J. :

The appellant Snow, on the 11th day of December, 1891, con-
fessed a judgment in a Justice's Court of Orleans county in favor
of the plaintiff for $101, damages and costs ; a transcript thereof
was duly filed and judgment docketed in the Orleans county clerk's
office upon that day.

On the 24th day of July, 1893, the plaintiff caused an execution
to be issued out of said County Court to the sheriff of the county,
commanding him to collect of the defendant in said execution the
amount of said judgment besides his fees, etc.

The defendant, upon his affidavit stating that he had paid the
judgment in full before the execution was issued, moved the County
Court for an order setting the execution aside. An oral examina-
tion of the parties and their witnesses was had upon the hearing of
the motion, and an order was made denying the motion, from which
this appeal was taken.

The indebtedness for which the judgment was confessed consisted
of a bill of goods of $100, $44.75 of which was for goods sold to the
defendant, and the balance, $55.25, was for goods sold to the
defendant's wife as guardian of an infant, Frank Snow.

The defendant claims that it was established by the evidence that there was paid by his wife upon the judgment $55.25 on the day it was entered, being the amount of the bill against her, and that the balance of the judgment was paid by him soon thereafter. Both of these payments are controverted by the plaintiff.

The learned county judge states in his opinion printed in the case that he found it exceedingly difficult to arrive at any conclusion upon these disputed questions. After an examination of the evidence we are not surprised at his embarrassment. There are so many errors and contradictions in the accounts and vouchers produced in evidence, and in the oral testimony of the parties and their witnesses, that it is very difficult to determine what the real facts are.

The defendant introduced in evidence a receipt signed by the plaintiff, a copy of which is as follows:

"ALBION, *Dec.* 11, 1891.

"Received of Matilda Snow, Guard. fifty-five $\frac{25}{100}$ in full of Frank Snow's account.

"$55.25. (Signed) LOUIS GOODMAN."

The defendant claims that the amount mentioned in this receipt was paid to the plaintiff on the day that the receipt bears date, which was the day judgment was entered. He sought to sustain this contention by the evidence of his wife and himself. The plaintiff, on the other hand, gave evidence tending to show that there was in fact nothing paid him on that day, but at the request of Mrs. Snow he gave her the receipt as a voucher to be used by her in settling her guardian's account, and that he consented to give the receipt for the reason that the amount of the guardian's account had been included in and secured by the judgment against the husband. There was evidence tending to sustain the contention of the respective parties.

The county judge, after hearing the evidence and examining all of the facts, found with the plaintiff upon this question, and we do not think his finding in that respect should be disturbed. But we cannot concur in his conclusion that the entire judgment is unpaid. It is conceded by the plaintiff that there was paid to him by or on behalf of the defendant the sum of fifty dollars on the 30th

day of January, 1892. Mrs. Snow testified that she paid this money on that day, and that she told the plaintiff to apply it on the judgment against her husband.

The defendant testified that he had made arrangements to have the money paid, and understood that his wife paid it. The plaintiff testified that the money was paid to him; it was his recollection that the defendant paid it personally, and that he said to the plaintiff when he paid it: "That makes me owe you only fifty dollars."

He testified, upon his cross-examination, that he understood Mr. Snow when he paid the fifty dollars to mean that there was left only fifty dollars unpaid upon the judgment. Plaintiff gave a receipt for the money, reading as follows:

"ALBION, *Jan.* 30, 1891.

"Rec'd of James Snow fifty dollars to apply on act.

"$50.                    LOUIS GOODMAN."

The county judge concluded that this payment was intended to apply upon the account because the receipt so stated.

An examination of the plaintiff's account, which is printed in the record, shows that at the date of the receipt the defendant was only owing the plaintiff twelve dollars and seventy-five cents in addition to the amount represented by the judgment.

The defendant, as appears from the plaintiff's account, continued thereafter to purchase goods of the plaintiff. If the payment of fifty dollars was intended to be applied upon the account the defendant was making an advance payment, which was entirely inconsistent with his custom, for it quite clearly appears from the evidence that he was exceedingly dilatory in making payments upon his indebtedness to the plaintiff.

There was a certified copy of the execution presented upon the argument of this appeal. Upon it appeared two indorsements purporting to be made by the plaintiff.

The first indorsement is as follows:

"There was paid on the within judgment thirty-seven and $\frac{25}{100}$ dollars June 28, 1892, which amount shall be credited on the within execution as of that date. July 25, 1893.

"(Signed)          LOUIS GOODMAN."

The other indorsement was as follows:

" The indorsement below of $37.25 as paid June 28, 1892, should be $38.50 paid January 30, 1892, which amount of $38.50 should be herein as of January 30, 1892.

"(Signed)      LOUIS GOODMAN."

The errors in the dates and the amounts of these indorsements are in keeping with other numerous errors in the accounts and papers presented upon the trial. It is apparent how the plaintiff arrived at the amount of the first indorsement, thirty-seven dollars and twenty-five cents. The items of his accounts against the defendant between the date of the confession of judgment and the payment of the fifty dollars amounted to the sum of twelve dollars and seventy-five cents as heretofore stated.

Instead of indorsing on the judgment the entire fifty dollars, the plaintiff manifestly deducted from that sum the amount of his account against the defendant, and credited him upon the judgment only the sum of thirty-seven dollars and twenty-five cents.

How the amount of the second indorsement of thirty-eight dollars and fifty cents was arrived at does not appear from anything contained in the record.

The defendant having directed how the payment of the fifty dollars should be applied, it was the duty of the plaintiff to make the application as directed. The indorsement of fifty dollars should be made upon the execution as of the date of its payment and the execution allowed to remain in the hands of the sheriff for the collection of the balance unpaid, and the order appealed from should be modified in that regard as suggested, and as so modified affirmed, but without costs of this appeal to either party.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Order modified by deducting from the face of the execution as of January 30, 1892, the sum of fifty dollars, and as so modified affirmed, without costs of this appeal to either party.