(15 App. Div. 445.)

SHARP et al. v. CLAPP et al.

(Supreme Court, Appellate Division, First Department. March 19, 1897.)

1. SUMMONS—SERVICE OF NOTICE WITH—AMOUNT OF JUDGMENT.

The notice required by Code Civ. Proc. § 419, to be served with the summons to entitle plaintiff to take judgment by default, without application to the court, does not conclude plaintiff as to the cause of action which may be stated in the complaint, but only limits the amount of recovery in case of default.

2. PLEADING—MOTION TO STRIKE OUT.

A complaint will not be stricken out as not conforming to the summons and notice, as to the amount for which judgment will be demanded, in stating the nature of the action, where defendants appeared, and a copy of the complaint was served on them, since there is but one form of summons for use in all actions, and the notice served with the summons has no other effect than to limit the amount of judgment in case of default.

Appeal from special term, New York county.

Action by William W. Sharp and another against Ozro W. Clapp and another. From a judgment setting aside the complaint, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Eugene D. Hawkins, for appellants.
B. P. Stratton, for respondents.

RUMSEY, J. The action was begun by the service of summons, attached to which was a notice addressed to the defendants that,

upon their default to appear and answer the summons, a judgment would be taken against them for the sum of $2,800, with interest thereon and costs. The defendants did appear and demanded a copy of the complaint; whereupon there was served upon them a complaint setting out a cause of action for conversion, upon which the damages alleged were $2,800, and for which damages judgment in that sum was asked. Thereupon a motion was made by the defendants to set aside the complaint, for the reason that it did not conform to the summons and notice, in that the nature of the action set forth in the summons and the notice was one on contract, and the complaint was one for conversion. That motion was granted by the special term, upon the authority, as is stated in the opinion, of the case of Adams v. Arkenburgh, 106 N. Y. 615, 13 N. E. 594. We do not think that the case cited is any authority for the order made. In that case an action had been begun by a summons, with which a notice had been served, in the form prescribed by section 419 of the Code, as was done in this case. The notice was to the effect that, in default of an appearance or answer, judgment would be taken against the defendants for a sum of money therein stated. The action was in fact for the dissolution of a partnership between the parties and the taking of an account. The defendants succeeded in the action, and upon motion an extra allowance of costs was granted to them, based upon the sum of $65,000, which was the amount stated in the notice for which judgment would be taken. The plaintiff objected to the consideration of the notice as proof of the amount involved in the action, and the only question was whether or not the notice of the plaintiff thus served upon the defendants was properly considered as evidence of the amount involved, upon which the court was at liberty to act in fixing the extra allowance. It was held that this notice operated as an admission on the part of the plaintiff that the amount involved in the action was the sum stated in it, and that it was sufficient for the court to act upon, and that the plaintiff was not at liberty to say that the notice did not truly state the amount which he would be entitled to recover in case he succeeded in the action. But the principle laid down in that case is not in any way applicable to the case at bar. The form of the summons is prescribed by section 418 of the Code of Civil Procedure. One form is prescribed for use in all actions, and, when the defendant has been brought into court by the service of that summons, the plaintiff is at liberty to set up against him any cause of action which he may see fit. Curry v. Wiborn, 12 App. Div. 1, 42 N. Y. Supp. 178. His right in this respect is unlimited, except so far as it is controlled by the necessity of bringing the proper parties into court. But, unless he has served a complaint with his summons, he cannot take judgment by default, unless he has complied with provisions of section 419 of the Code. Those provisions are that he shall not take judgment by default, if a copy of the complaint is not served, unless a notice is served with the summons stating the sum of money for which judgment will be taken, and the case is one embraced in section 420. The only effect of the notice, therefore, is to permit the plaintiff to take

judgment for the sum stated in it in a proper case, and to limit the amount of his claim in case the defendant does not appear. The law prescribes no other effect to this notice. If the plaintiff should attempt to take judgment without the appearance of the defendant, he is not saved from the necessity of applying to the court, unless his action is one of those mentioned in section 420 of the Code. This is so whether he has served a notice or not. If the action is brought for any other cause than one of those mentioned in section 420, the notice is entirely useless, except, perhaps, it may be sufficient to limit the amount of the plaintiff's recovery; but if the defendant appears, the notice at once is rendered of no importance. No judgment can be taken against the defendant, then, until a complaint has been served upon him, and his liability and the rights of the plaintiff are measured entirely by the allegations of the complaint. Unless he is in some way misled, the fact that a notice has been served with the complaint can be of no possible importance, because he knows that, whatever may be the notice, the cause of action is contained in the complaint which is served upon him. It is difficult to see how he could be misled in such a case, after he has appeared and received a copy of the complaint. There is no reason, therefore, why the complaint, even though notice was served with the summons, should set up any particular cause of action. There is no provision in the Code requiring it, and it is not apparent how any harm could come to the defendant from insisting upon it. It cannot be said to be in any respect an irregularity to serve such a complaint as this, although a notice was served with the summons.

For that reason we think the order was erroneous, and that it should be reversed, with $10 costs and disbursements, and the motion to set aside the complaint denied, with $10 costs. All concur.