(49 Misc. Rep. 100)

### H. KOEHLER & CO. v. DUGGAN.

(Supreme Court, Appellate Term. December 21, 1905.)

1. EVIDENCE—PAROL EVIDENCE—ADMISSIBILITY.

    Parol evidence is admissible to show that the parties to a contract understood at the time of its execution that it was to have no effect.

    [Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 1969.]

2. ACTIONS—DEFENSES—LEGAL OR EQUITABLE.

    The defense, in an action for a deficiency on foreclosure of a chattel mortgage, that it was understood by the parties at the time of the execution of the mortgage that it was to have no effect, is a defense at common law, and does not call for the exercise of equitable jurisdiction.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by H. Koehler & Co. against John Duggan. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Jerome H. Koehler, for appellant.

George C. Freer, for respondent.

BISCHOFF, J. The plaintiff, a brewing concern, sued the defendant, formerly employed by it as a truckman, for a deficiency upon foreclosure of a chattel mortgage of saloon fixture, and the defense was that the defendant assumed the apparent relation of mortgagor and conducted the saloon solely for the benefit of the plaintiff, because of its inability to find any person willing to keep the place open, in view of the rough character of the neighborhood, and that it was understood by the parties that the writing was to have no efficacy as a contract. From a judgment for the defendant rendered upon evidence sufficient to support a favorable finding of the facts thus set up as a defense, the plaintiff has appealed; and it is contended that the defense was not available, because of an equitable nature, and so without the jurisdiction of the Municipal Court, and that the defendant's testimony was erroneously received over objection upon the ground that it tended · to vary the written contract embodied in the chattel mortgage.

Neither point is well taken. Evidence which goes to the intention of the parties to make any contract at all, when executing a writing purporting to be a contract, does not offend the rule which excludes parol proof to vary the terms of an actual contract (Brown on Parol Evidence, § 33, and cases cited); nor does such a defense call for the exercise of equitable jurisdiction by the court, since the inquiry simply relates to the legal effect of the writing upon the facts, and is of cognizance as a common-law defense not substantially different in character from a claim that the instrument had been given up (Grierson v. Mason, 60 N. Y. 394).

The judgment is therefore affirmed, with costs. All concur.