### JOHNSTONE v. WEIBEL.

(Supreme Court, Appellate Division, Second Department. March 5, 1909.)

1. REPLEVIN (§ 54*) — RELIEF DEMANDED — REPLEVIN BEFORE JUDGMENT — WAIVER.

Plaintiff, in claim and delivery for a safe, could waive the privilege of replevying the safe before judgment, and await the possession obtained by his judgment.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. § 197; Dec. Dig. § 54.*]

2. PROCESS (§ 34*)—SUMMONS—NOTICE—SUFFICIENCY.

The court acquired jurisdiction by service of summons, stating that judgment would be taken for a certain sum if defendant did not appear, though not accompanied by affidavit or complaint, and not stating the nature of the cause of action, as plaintiff could set up any cause of action when defendant appeared.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 28; Dec. Dig. § 34.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. REPLEVIN (§ 107\*)—JUDGMENT—NECESSITY OF ALTERNATIVE JUDGMENT.
    Judgment for possession merely, without fixing the value of the property and awarding alternative relief in damages is proper in replevin.
    [Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 424–428; Dec. Dig. § 107.\*]

Appeal from Municipal Court of New York.

Action by Charles J. Johnstone against Adolph Weibel. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Martin Byrne, for appellant.

Arthur H. Cameron, for respondent.

RICH, J. This action was commenced by the service of a summons, stating that if the defendant failed to appear judgment would be taken against him for $26.50 and costs of the action. The pleadings were oral; the plaintiff's attorney stating that his complaint was for "claim and delivery and damages." It appears from the bill of particulars that his cause of action is based upon the ownership of a safe, in the possession of the defendant, which he demands with damages sustained in consequence of defendant's refusal to deliver it to him. The municipal justice has found for the plaintiff, and directed the entry of judgment in his favor, adjudging that he recover the possession of the safe, with $6.50 damages for its detention, and costs. From the judgment accordingly entered, this appeal is taken.

Defendant contends that the trial court had no jurisdiction, because there was no affidavit or complaint accompanying the summons, and that the latter contains no reference to the nature of the action. The plaintiff did not seek to replevin the safe. He had the right to waive this privilege, and await possession obtained under his judgment. The court acquired jurisdiction by the service of the summons, and, where a defendant has thus been brought into court, the plaintiff is at liberty to set up any cause of action that he chooses. Sharp v. Clapp, 15 App. Div. 445, 44 N. Y. Supp. 451.

The judgment did not fix the value of the property, and was not in the alternative, which the appellant argues presents reversible error. In this he is mistaken. In Hammond v. Morgan, 101 N. Y. 179, 4 N. E. 328, it was held that a judgment for plaintiff in an action of replevin may be entered, although the jury has not assessed any damages or found the value of the property.

The judgment of the Municipal Court must be affirmed, with costs. All concur.