NEW YORK & BROOKLYN BREWING CO. v. ANGELO.

(Supreme Court, Appellate Division, Second Department.   May 26, 1911.)

1. ACTION (§ 25*)—DEFENSES—LEGAL OR EQUITABLE.

In defending a suit in the Municipal Court for the replevin of a liquor tax certificate, an answer by which defendant set up that the assignment of the certificate and power of attorney given to plaintiff were delivered as collateral security for a note, and that the note had been paid, whereby he had become entitled to a return and cancellation of the note, assignment, and power of attorney, and to the certificate, praying judgment, as authorized by Municipal Court Act (Laws 1902, c. 580) § 117, for the return of the chattels, did not invoke the exercise of equitable jurisdiction.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 25.*]

2. ACTION (§ 25*)—NATURE OF ACTION—DEFENSES.

The interposition of an equitable defense does not transform a legal action into an equitable one.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 25.*]

3. PAYMENT (§ 38*)—APPLICATION—DIRECTION.

Where a liquor tax certificate had been assigned as collateral security for a debt, and certain persons called upon the treasurer of the assignee, and, after being informed how much was due upon it, paid the amount due, that payment must be applied to that particular debt, although the owner of the certificate owed other debts to the assignee, since the direction for the application of a payment need not be expressed, but may be implied.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 100; Dec. Dig. § 38.*]

4. REPLEVIN (§ 103*)—JUDGMENT—AFFIRMATIVE RELIEF.

In a suit in the Municipal Court for the replevin of a liquor tax certificate, where the plaintiff had already replevied the certificate, and the defendant set up that it was given as collateral security for a note, which had been paid, and that he was entitled to its return, together with a power of attorney, and an assignment of it, given to the plaintiff, a judgment finding that the title to the certificate was in the defendant, and that he was entitled to its return, without assessing damages or finding the value of the property, was not an equitable judgment for affirmative relief; for the plaintiff was bound to show that he had a right to the delivery of the property at the time of the commencement of the suit, and this judgment could be enforced by execution.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 398–411; Dec. Dig. § 103.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Replevin by the New York & Brooklyn Brewing Company against Peter Angelo. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Henry A. Rubino (Finis E. Montgomery, on the brief), for appellant.

George K. Jack, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

JENKS, P. J. [1] The plaintiff appeals from a judgment of the Municipal Court for the defendant. The ground of its appeal is that such judgment affords affirmative equitable relief in a court that has no equitable jurisdiction. The action is in replevin to recover a liquor tax certificate and damages for detention. The certificate was issued to the defendant. The plaintiff's claim of title rests upon a written assignment and power of attorney executed in its favor. The defendant pleaded that the delivery of such assignment and power of attorney (together with a note for $975 as evidence of indebtedness) was for collateral security for the payment of that sum which the plaintiff had lent to the defendant to pay for the certificate, that the note had been paid, whereupon the defendant had become entitled to a return of it, and of such assignment and power of attorney, cancellation thereof, and to the certificate. He demanded judgment that the complaint be dismissed, the certificate (taken by proceedings herein) be returned, and for damages.

[2] The defendant was entitled to demand judgment for the return of the chattel. Section 117, Municipal Court Act (Laws 1902, c. 580). He could avail himself in that court of the defense that the assignment and power of attorney were delivered as collateral security, and in seeking to establish such plea he did not invoke the exercise of equitable jurisdiction. Koehler & Co. v. Duggan, 49 Misc. Rep. 100, 96 N. Y. Supp. 1025, and cases cited in Electrical Audit & R. Co. v. Greenberg, 56 Misc. Rep. at 517, 107 N. Y. Supp. 110; Cushman v. Family Fund Society (Com. Pl.) 13 N. Y. Supp. 428–432. The interposition of an equitable defense does not transform a legal action into an equitable one. Rodgers v. Earle, 5 Misc. Rep. at 167, 24 N. Y. Supp. 913.

[3] I think that the testimony is sufficient to establish the contention of the defendant that the assignment and power of attorney were delivered for collateral security, and that the note was delivered as evidence of the defendant's said indebtedness. And I think that the evidence justified the conclusion that such indebtedness was discharged in full by a payment of $68.75. It appears that certain persons, on September 7, 1910, called upon the treasurer of the plaintiff to inquire how much money was due on the license; that they were informed that there was due $68.75, whereupon that sum was paid to the plaintiff. The plaintiff applied $50 of such sum to the license account, and the balance, $18.75, upon an independent indebtedness of the defendant to the plaintiff. It does not appear that such an application by the creditor was then or at any time thereafter made known to the defendant. I think that the court was justified in a conclusion that this payment of $68.75 was made with a direction for specific application to discharge the balance of the debt of $975. Pattison v. Hull, 9 Cow. 747–765; Stone v. Seymour, 15 Wend. 19; Goodman v. Snow, 81 Hun, 225, 30 N. Y. Supp. 672. A direction for application of payment need not be express, but may be implied, as when, e. g., the payment exactly equals in amount one of several existing debts. Stone v. Seymour, supra; Robert v. Garnie, 3 Caines, 14.

[4] I think that the defendant does not stand with a judgment for

affirmative relief gained upon equitable grounds. The court gave judgment for the defendant. The effect of that judgment is to determine that the certificate is the property of the defendant, although damages are not assessed and the value of the property is not found. In such case the chattel is awarded to the defendant, who may enforce that judgment by execution. Hammond v. Morgan, 101 N. Y. at 186, 4 N. E. 328; Johnstone v. Weibel, 131 App. Div. 166, 115 N. Y. Supp. 255. This judgment may rest upon the finding that the defendant has discharged the debt for the money advanced to him to pay for the certificate, and that the assignment and power of attorney delivered were collateral, and that the note delivered as evidence of the debt has been fully paid. The relief afforded to the defendant is not affirmative. The judgment but finds that the title to the chattel is in the defendant. The replevin of the chattel was not essential to the action. Sections 96 and 130, Municipal Court Act. The plaintiff was bound to show that he had a right to the delivery of the property at the time of the commencement of the suit. Wood v. Orser, 25 N. Y. at 351. And if, incidental to the replevin suit, the plaintiff took the defendant's chattel, the judgment which determines that the ownership is that of the defendant does not afford affirmative relief.

The judgment must be affirmed, with costs. All concur.