BERTHA K. STONE, Appellant, *v.* GERALD M. CHURCH and ELIZA-
BETH M. CHURCH, Respondents.

County Court, Broome County, December 26, 1939.

*Couper, Terry & Turnbull* [*Mack W. Terry* of counsel], for the appellant.

*Charles R. Stewart,* for the respondents.

MACCLARY, J. This is an action to recover a chattel pursuant to article 66 of the Civil Practice Act and sections 101 to 111 of the Binghamton City Court Act (Laws of 1931, chap. 482). The action was commenced by the service of a summons and verified complaint on the defendants on July 25, 1939. The chattels were replevined at the same time by the constable upon a requisition

signed by the city judge of Binghamton. The defendants served a notice for the return of the chattels and subsequently filed an answer in the form of a general denial.

The action was brought on for trial before a jury on October 19, 1939. A jury was selected and both counsel made their opening statements. At this point, defendants' counsel moved for a dismissal of the complaint on the ground that no return of the requisition had been made as required by section 105 of the Binghamton City Court Act. The judge granted the motion on the ground that there was a jurisdictional defect due to the fact that the constable had failed to file a return.

The only question to be decided here is whether the failure of a constable to file return after seizure of the chattels in an action to recover a chattel begun by the service of a summons and complaint deprives the City Court of Binghamton of jurisdiction of the action and requires a dismissal of the action.

This action is covered by sections 101 to 111 of the Binghamton City Court Act and article 66 of the Civil Practice Act. However, it seems that to correctly determine this question a brief discussion of the history of the action of replevin from its beginning would be helpful, for although the action is now statutory, it is derived from the common-law action of replevin and the rules of common law are controlling when not changed by express statutory enactment. After the principles of the action as it existed at common law and the modification made by the various statutes are considered, I believe that the question will be readily answered.

The action of replevin is one of the oldest of the common-law actions and took its name from the object of its process. There is a dispute as to its origin. One school of thought, following the theory of Blackstone, declared that the action originally lay in only one case; i. e., to recover possession of goods illegally distrained. The other school of thought declares that replevin lay in any case of wrongful taking. The dispute as to its origin is here academic for the action even at early common law covered nearly all cases of unlawful caption or detention of chattels where it was sought to recover the chattels in specie. Later the action was extended so that in many cases where the plaintiff was unable to obtain the return of the chattels he could recover in the action their value as an alternative. The action in this phase was derived from the old action of detinue and became a substitute therefor. Still, the action remained essentially one to recover the possession of chattels as distinguished from acts in trespass and trover to recover damages for the seizure or for the value of the property. There were many technical rules in force relating to this form of action, which made

proceedings under it difficult. It is important for us to remember, however, that the action existed primarily to determine the right to possession (*Roach* v. *Curtis*, 191 N. Y. 387), and was begun by the service of the writ, and that, therefore, jurisdiction of the action was secured solely by the service of the writ and any defect in procedure in regard to the writ was a jurisdictional defect. (*McAdam* v. *Walbrau*, 8 N. Y. Civ. Proc. 451; 23 R. C. L. § 87, p. 920.)

This action was revised somewhat in the Revised Statutes (Chap. 8, tit. 12, part 3). In 1848 the Code of Procedure was adopted containing a chapter intended to provide a substitute for the former action of replevin (Code Proc. chap. 2, tit. 7). Under that Code the action was begun by the service of a summons but permission was given the plaintiff to replevy the articles themselves by writ if desired. The action, however, retained the principal characteristics that existed under the Revised Statutes, inasmuch as it continued to be a substitute for the action of detinue and covered any wrongful taking or detaining and was primarily to determine the right of possession. By the General Repealing Act of 1880 these statutes were repealed so far as they related to the remedy in question and new provisions intended to harmonize, amend and consolidate the former statutes were included in the Code of Civil Procedure (Code Civ. Proc. §§ 1689–1730). The action was denominated " An Action to Recover a Chattel." The principal characteristics both under the Code of Civil Procedure and under the Civil Practice Act, however, remain substantially the same as those under the Code of Procedure.

It is important to remember, however, that the following rules applied after the statutes to the action of replevin: The action still existed primarily to determine the right to possession although it had been gradually enlarged so that it became a substitute for the action of detinue and was coextensive with the action of trover and trespass (*Sinnott* v. *Feiock*, 165 N. Y. 444); the purpose of the writ as used was to transfer possession of the chattel or to insure its presence during the pendency of the action; the action, however, was changed in this particular, that it was not begun by the service of a writ, but was begun by the service of a summons (*McAdam* v. *Walbrau, supra*). Thus by statute the requisition or writ became in the nature of a provisional remedy within the action to recover a chattel, and the liberality of amendment which existed under the various Codes applied to the action of replevin. In other words, the elements of the action to recover a chattel were similar to the action of replevin at common law; however, the elements of the procedure in regard to the writ applied only to the writ and not to the action to recover a chattel.

For determining the question at hand it is important to remember that at common law and under some State statutes the action of replevin was commenced by the writ itself and not by the service of a summons. This being so, the court secured jurisdiction of the action by the issuance of the writ, and when the proper proceeding pertaining to the writ was not followed, the writ fell and, the writ falling, the court's jurisdiction, which was secured solely by the writ, fell. (*McAdam* v. *Walbrau, supra*.) However, the New York statutes revised the common law in this respect. Under the New York statutes the action is commenced by the service of a summons and the court thereby secures jurisdiction of the action. The plaintiff may, however, secure possession of the specific articles pending the final determination of the action, through a writ if he follows a certain definite procedure. The writ, however, is not essential to the commencement of the action and a maintenance of the action is not dependent upon such a writ being issued as it was at common law. (*Johnstone* v. *Weibel*, 131 App. Div. 166.) The writ is merely ancillary and confers no title or jurisdiction but gives only a temporary right which may terminate upon a judgment against the plaintiff. It would seem, therefore, that since the writ is not necessary to the jurisdiction of the court and is in reality a special proceeding within the action, if the writ should be defective and fall completely, the court would still retain jurisdiction of the action which was obtained by the service of a summons.

Let us here review the authorities on the question at issue.

In *McAdam* v. *Walbrau* (8 N. Y. Civ. Proc. 451) the following facts appear: There was a motion by the defendant to set aside proceedings in replevin on the ground that a demand was necessary before the plaintiff could bring his action, and that the affidavit upon which the requisition to the sheriff was based, although it stated that a demand had been made, was made before the demand actually took place. The court in this case stated (at p. 452):

" A demand was in fact made before the sheriff took the property, but it was not made before the affidavit was sworn to. Therefore * * * the proceedings were defective, and liable to be set aside. * * *

" But it is said that as the defendant has appeared generally in the action, this defect is waived. The suit is commenced by the service of the summons. That is distinct from the replevin proceeding; the latter may be taken or not, as the plaintiff may choose. When, therefore, the defendant, in response to the summons, appears in the action, he does not, I think, in any way recognize the validity of the replevin papers. *Whether the latter are good or not, the action goes on.* * * * If, as under the old practice * * * the

action was commenced by writ of replevin, then a general appearance might waive anything going to the invalidity of the writ, and that idea was very likely in the mind of the court in some early cases on the subject. * * * It is, however, amendable." (Italics supplied.)

In *Hyde* v. *Patterson* (1 Abb. Pr. 248) the court had under consideration a motion to dismiss a replevin action on the ground that the affidavit upon which the requisition was based was irregular. The court said (at p. 250): " The general unconditional appearance of the defendant, is a waiver of any irregularity in the affidavit."

In *Cutler* v. *Rathbone* (1 Hill, 204) the court had before it a motion to set aside a writ of replevin, the service thereof and the subsequent proceedings. The writ mentioned no place of return, it was in the detinent only and the summons was in the copit and detinent. The return was filed in the Utica clerk's office, whereas it should have been filed in the clerk's office at Geneva; the affidavit on which the return was based was irregular. The court stated (at pp. 205, 206): " The mistake in the form of the writ is merely clerical, and may be corrected by amendment. * * * The variance between the writ and summons was but formal, and could not well mislead. * * * Mistaking the proper clerk's office, is not a ground for setting aside the proceedings. * * * We have, however, allowed a good bond to be filed where that given at first was defective. * * * The bond and affidavit are both required by the statute as preliminaries to warrant the service, * * * the one in terms equally strong with the other; and I perceive nothing in principle which forbids our allowing an amended affidavit any more than a bond."

In *Hawley* v. *Bates* (19 Wend. 632) the court had under consideration a motion to set aside a writ of replevin and all subsequent proceedings upon the grounds that the bond was defective. The court stated: " The writ of replevin was irregular without the bond required by the statute, *Wilson* v. *Williams*, 18 Wend. 581, 584; but as a new bond conforming thereto has been made and duly delivered, and as the error in the first bond arose from the mistake of the sheriff, we will allow the proceedings to stand good, on payment of the costs of this motion. This saves the defendant harmless, and secures him the benefit of the statute, without imposing upon the plaintiff the trouble and expense of a new suit."

In *Garlock* v. *Ontario Bank* (1 Wend. 288) the court had under consideration a motion to set aside replevin proceedings for irregularity. The irregularity was that the sheriff had returned the writ in this case to the clerk at Utica whereas it should have been returned to the clerk at Albany. The court stated (at p. 289): " The

statute is directory to the sheriff, as to where process shall be returned, but it does not render process void if erroneously returned. * * * The convenience of *plaintiffs* and not of the *defendants* was contemplated. * * * It does not appear that the defendant was mislead by the return of the writ to Utica instead of Albany."

In *Frink* v. *Flanagan* (6 Ill. 35) the following facts appear: This was an action for replevin and pleadings were exchanged. The defendant then moved the court to dismiss the suit for want of a sufficient affidavit which was resisted by the plaintiff, who applied for leave to amend his affidavit. The lower court had dismissed this suit; the Supreme Court reversed and stated " That an affidavit like this was insufficient * * * we hold the Court decided erroneously in denying the application to amend the affidavit. * * * As we hold that such an affidavit is not the foundation of the jurisdiction of the Court, the appearance and pleading was a waiver of the irregularity in issuing the writ without a sufficient affidavit."

In *Brotherton* v. *Spence* (52 Mo. App. 664) the court stated in substance that the objection that the judgment should have arrested, because there was no affidavit to the amended petition, is untenable because the action of replevin in this State can be maintained without an affidavit.

In *Bingham* v. *Morrow* (29 Mo. App. 448) the following facts appeared: An action in replevin was filed by the defendant. The plaintiff's statement was not verified by affidavit nor was it signed. The defendant moved for a dismissal of the case for want of jurisdiction. The court in denying defendant's motion stated: " A suit in replevin may be maintained without any affidavit. * * * The only office of the affidavit is, to anticipate the delivery of the property to the plaintiff, without waiting for the determination of his rights by a judgment. If an order of delivery should be made prematurely upon an insufficient affidavit, or upon no affidavit, and executed by the officer, the proper remedy would be an order for the return of the property to the party from whom it was taken; and not in a dismissal of the suit or in an arrest of the judgment."

In *Schattler* v. *Heisman* (85 Ark. 73; 107 S. W. 196) the court had before it a motion to dismiss an action of replevin for want of jurisdiction on the ground that the statement filed was not verified but was required by statute. The court in overruling this motion stated:

" This paper, although not sworn to, was a sufficient complaint to give the court jurisdiction of the subject-matter in replevin; and the court could proceed to try the right to the possession of the property involved without the possession being changed * * *.

"But, before an order of delivery can issue for the immediate possession of the property in advance of the trial of the rights of property, an affidavit * * * must be filed. A failure to file such affidavit before the issuance of the order of delivery for the immediate possession is ground for quashing the writ. But it is not a prerequisite to the jurisdiction of the court to settle the rights of property without a change of the possession."

Therefore, taking the history of the action and the above authorities under consideration, I come to the following conclusions:

If the action is commenced by the service of a summons, the court secures jurisdiction. (*Johnstone* v. *Weibel*, 131 App. Div. 166.) The issuance of the writ being permissive only and being in the nature of a special proceeding and not being essential to the jurisdiction of the court, if defective in any way, does not deprive the court of jurisdiction. (*McAdam* v. *Walbrau, supra; Frink* v. *Flanagan, supra; Bingham* v. *Morrow, supra.*) The defendant's remedy, perhaps, may be to move to set aside the writ itself and to recover back the specific articles replevied pending the determination of the suit. In other words, if the defendants in the instant case had any remedy at all, it was a motion *for the dismissal of the writ* and *not for the dismissal of the action.* I do not decide the question here whether it would be proper to dismiss the writ, but call attention to the following cases which seem to so state: *Schattler* v. *Heisman* (*supra*); *McAdam* v. *Walbrau* (*supra*); *Bingham* v. *Morrow* (*supra*); *Eads* v. *Stephens* (63 Mo. 90). I would further point out that before that question could be determined the following questions would have to be answered:

1. Whether the defendant by appearing generally and answering and proceeding to trial waived the defect. There seems to be a conflict in the cases on this point. (*McAdam* v. *Walbrau, supra; Hyde* v. *Patterson, supra; Frink* v. *Flanagan, supra.*) I would be inclined to the opinion that an appearance does not waive the defect inasmuch as it is an appearance in the action itself and is not an appearance to the writ and the defendant does not in any way recognize the validity of the replevin papers when he appears in response to a summons. I believe that the cases can be distinguished in the following manner: When jurisdiction was secured by the writ itself, an appearance and proceedings such as took place in the instant case, would be a waiver on the part of the defendant as to the failure to file a return inasmuch as the writ secured jurisdiction of the person and not of the subject-matter of the action and a general appearance in the action would confer personal jurisdiction on the court. But since jurisdiction is no longer secured by the writ but is secured by the summons, an appearance in response

to the summons is not an appearance to the writ and does not waive defects in the procedure pertaining to the writ.

2. Whether the defect in procedure was so material that it could not be rectified without a dismissal of the writ. I would be inclined to the opinion that a failure to file a return is not such a material defect as would require a dismissal of the writ, inasmuch as the fault was that of the constable alone and the defendant was not harmed thereby. The cases uniformly allow an amendment to the affidavit and of the bond, both of which are prerequisites of the writ, and it would seem that they would allow a later filing of the return which, at most, is a condition subsequent and not a condition precedent.

I find nothing in the Binghamton City Court Act which would force me to decide otherwise. Section 105 of the City Court Act relates only to the requisition and not to the right to a trial upon the rights to possession, and a failure to file a return under section 105, therefore, could only affect the right to the temporary possession under the writ. The phrase " must file a return " has appeared in the New York statutes from the beginning but it has been uniformly held that a failure to file a proper return would not affect the jurisdiction of the court. (*Garlock* v. *Ontario Bank, supra; Cutler* v. *Rathbun, supra.*) The failure to file a proper return seems of less importance than the failure to furnish a correct affidavit and bond and yet the courts have uniformly allowed those defects to be amended.

I, therefore, hold that the Special City Court judge was in error when he dismissed this action on the ground of lack of jurisdiction, and the judgment must be and hereby is reversed on the law, and the action should be disposed of on the merits in the City Court of Binghamton, and an order may be made and entered accordingly.